**SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY**

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 83–278.**

United States District Court,
E.D. Pennsylvania.

June 15, 1984.

Roslyn G. Pollack, Saul H. Krenzel, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

George J. Lavin, Thomas Martin, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., Joel B. Harris, Weil, Gotshal & Manges, New York City, for defendant.

Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for U.S. Dept. of Transportation.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Plaintiff's action against defendant General Motors Corporation (General Motors) seeks damages arising out of the sale of a series of buses by defendant to plaintiff.[1] Plaintiff alleges a defective design in locating the air conditioning condensers in the engine area rather than at the top rear of the buses. During the course of discovery, plaintiff, Southeastern Pennsylvania Transportation Authority (SEPTA), served a subpoena on Mr. David Perez, an employee of the United States Department of Transportation (DOT). Presently before the court is the motion of DOT to quash the subpoena.

The essence of plaintiff's claim is that General Motors breached certain express and implied warranties by improperly locating the air conditioning unit in certain advance design buses ordered by SEPTA from General Motors. SEPTA alleges that placing the air conditioning condensers in the engine compartment rather than at the top rear has caused significant breakdowns in operation and escalation in maintenance costs, thus, breaching the contract of sale and applicable warranties, express and implied.

During the course of discovery, SEPTA obtained a report prepared by the Urban Mass Transportation Administration (UMTA), a unit of DOT. The report is entitled, "Air Conditioning Modifications to AMG [American Motors Model B] Buses." The report is a study of air conditioning problems and solutions associated with American Motors Model B buses (AMG buses) in use in Miami and Los Angeles. The report was made available to the public through the National Technical Information Service. David Perez was co-author of the report. Mr. Perez is a Research and Special Programs Administrator for UMTA.

Evidently, the AMG buses were manufactured with an air conditioning design similar to that present in the General Motors' buses; i.e., the condenser was located in the engine area instead of the top rear of the bus. Apparently the report concludes, based on information from the Miami and Los Angeles data, that locating the air conditioning condenser in the engine compartment was a design defect.

Not surprisingly, SEPTA is interested in the report and its co-author, Mr. Perez. On April 3, 1984, SEPTA served a deposition subpoena on Mr. Perez. SEPTA also subpoenaed production of memoranda, correspondence and other writings used by Mr. Perez in connection with the preparation of the UMTA study.

DOT has moved to quash the subpoena primarily on the ground that Mr. Perez, as a DOT employee, is prohibited by regulation from testifying in private-party civil litigation, unless given authorization. *See* 49 C.F.R. § 9.7 (1983). DOT argues that because the regulation is not contrary to any express statutory provision, it has the force and effect of law. SEPTA, on the other hand, contends DOT's decision not to allow Perez to testify is an unreasonable exercise of administrative discretion and that the relevance of the report outweighs any valid basis for applying the regulation.

In support of their conflicting positions, the parties both cite a number of cases that

---

1. Counts IV (negligence) and V (strict liability) were dismissed upon General Motors' Rule 12(b)(6) motion. *Southeastern Pennsylvania Transportation Authority v. General Motors Corp.*, No. 83–278 (E.D.Pa. June 14, 1983). Count VI (misrepresentation) was dismissed but plaintiff was permitted and did file an amended complaint. The breach of contract, express warranty and implied warranty claims remain.

are only marginally relevant. The regulation in question apparently has never been squarely addressed in a situation similar to the present case.[2]

■ The regulation at issue provides:

Subject to §§ 9.9 and 9.13, an employee of the Department may not testify as an expert or opinion witness, as to any matter related to his duties or the functions of the Department, in any legal proceeding between private litigants, for the following reasons:

(a) To conserve the time of employees for conducting official business.

(b) To minimize the possibility of involving the Department in controversial issues that are not related to its mission.

(c) To prevent the possibility that the public will misconstrue variances between the personal opinions of employees and departmental policy.

(d) To avoid spending the time and money of the United States for private purposes.

49 C.F.R. § 9.7 (1983). It is obvious that the concerns of the government expressed in the regulation are legitimate and valid justification for the regulations. It is also clear that private litigants are afforded under our system of justice a fairly broad opportunity to discover the facts. *See, e.g.,* Fed.R.Civ.P. 26. It is my view that the quoted regulation adequately strikes a balance between the competing issues. The balance is struck by preventing government employees from testifying as "expert or opinion witnesses," but not precluding them from testifying as fact witnesses. Thus, if, as is often the case in airline disasters, the government employee has knowledge of *facts*, he can testify as to facts observed. *See* 14 C.F.R. § 435 (1983). A private litigant is therefore not deprived the opportunity to discover facts pertaining

to a pending lawsuit. However, the government is not required to bear the burden of proving plaintiff's case with its employees acting as expert or opinion witnesses. This balance between the interests is both reasonable and fair.

■ In its memorandum opposing the motion to quash the subpoena, SEPTA contends that:

DOT's decision not to permit Perez to testify is an unreasonable exercise of administrative discretion, based on an inaccurate premise. DOT has incorrectly characterized SEPTA's purpose in deposing Perez as an attempt to have him testify as an expert on the design of air conditioning systems in use in buses purchased by SEPTA. SEPTA's subpoena serves two permissable [sic] discovery purposes. First, to elicit factual information concerning and supporting the UMTA study and its conclusions. And second, to elicit Perez's evaluation and opinion of the defects found in the air conditioning design in the AMG buses. Neither line of inquiry will seek to have Perez render an opinion on the air conditioning systems in use in buses purchased by SEPTA.

Memorandum in Opposition to Motion to Quash Subpoena at 4. As to SEPTA's first point, I agree. It is permissible for SEPTA to elicit factual information concerning the report co-authored by Mr. Perez. However, I disagree completely with SEPTA's second "permissible discovery purpose[ ]."

SEPTA's position is that it is permissible to inquire of Mr. Perez as to his "evaluation and opinion of the defects found in the air conditioning design in the AMG buses" because the questioning will not encompass the General Motors buses at issue. The plain language of § 9.7 is to the contrary. The regulation provides that "an employee of the Department may not testify as an

---

2. The only reported decision involving 49 C.F.R. § 9.7 dealt with the Federal Aviation Administration (FAA). *Kline v. Martin,* 345 F.Supp. 31 (E.D.Vir.1972). I do not find the court's dictum there regarding § 9.7 to be relevant here be-

cause *Kline* involved an official FAA investigation of the *cause of an accident,* a situation completely different from that involved here. *See id.* at 32.

expert or opinion witness, *as to any matter related to his duties* or the functions of the Department, in any legal proceeding between private litigants." 49 C.F.R. § 9.7 (1983) (emphasis added). It is evident beyond cavil that the UMTA report co-authored by Mr. Perez is "a matter related to his duties." In fact, preparing the report was his duty as an employee. Thus, Mr. Perez may not, without proper authorization, testify as an expert or opinion witness as to the report. That includes giving his evaluation and opinion of the defects found in the air conditioning design in the AMG buses which were the subject of his report. SEPTA's attempt to circumvent the regulation by distinguishing between Perez's opinion as to the AMG buses in the report and the General Motors buses at issue is not persuasive.[3] The prohibition against expert opinion testimony by employees is not so narrow. The regulation speaks to an employee's giving his opinion as to any matter related to his employment, not just his opinion as to any particular set of facts, or as to any ultimate issue of fact in litigation.

In sum, the motion to quash the deposition subpoena will be denied; however, Mr. Perez may be deposed as to the facts or circumstances surrounding the issuance of the report or facts he may know about the General Motors buses at issue. He may properly refuse to answer any questions as to his opinion on any matter. Any questions pertaining to an opinion expressed by the report may properly be refused, as the report speaks for itself. Mr. Perez will also be required to bring any documents ordered by the subpoena duces tecum that pertain to facts of which he has knowledge and upon which he may testify. Any documents that relate solely to his opinion need not be produced.

An appropriate order follows.

**3.** Clearly, SEPTA's aim was to elicit Mr. Perez's opinion as to the design defect in the AMG buses and then contend that such opinion applies with equal force to the General Motors buses in question. This "backdoor" approach to eliciting expert opinion from a DOT employee will not be allowed. SEPTA may use the report itself at trial, provided it is otherwise admissible under rules of evidence.