[No. 13070-0-II.   Division Two.   March 21, 1991.]

VICTORIA L. DREWETT, as Guardian ad Litem, ET AL, Petitioners, v. RAINIER SCHOOL, ET AL, Respondents.

*John D. Schumacher* and *Gerald W. Neil,* for petitioners.

*Kenneth O. Eikenberry, Attorney General,* and *Jon P. Ferguson* and *Robert A. Lipson, Assistants,* for respondents.

ALEXANDER, J.—Victoria L. Drewett, personally and as guardian and guardian ad litem for her child, Julia Drewett, obtained discretionary review of an order of the Pierce County Superior Court prohibiting Dr. Paul Hageman from testifying as an expert witness for the plaintiffs. She contends that the order should be reversed because the trial court erred in concluding that provisions of the Executive Conflict of Interest Act, RCW 42.18.170(1)(a), required it to exclude Hageman as an expert witness. We reverse.

The facts are not in dispute. Victoria L. Drewett is the mother of and the duly appointed guardian and guardian ad litem for Julia Drewett, a disabled person. Victoria Drewett commenced an action for damages against the Rainier School, the State of Washington and Timothy Brown on behalf of Julia, herself and her husband, Russell. She complained that Julia had been sexually assaulted by staff persons at the Rainier School, a state residential school for handicapped children. Specifically, it was alleged, as follows: The staff at Rainier School had observed bruises and other markings on Julia in October 1984, a time when Julia was in the care and custody of that school. The school superintendent, Timothy Brown, in an effort to discover the cause of Julia's condition, "caused various investigatory, medical, quasi–medical and intrusive procedures to be performed on Julia" over a course of a few days. These procedures "were done without lawful authority, authorization or consent of Julia or her guardian," in violation of various of Julia's rights under the provisions of the United States and Washington Constitutions, and constituted assault, battery, rape and other torts, including the tort of outrage. The defendants, relying on the Executive Conflict of Interest

Act, RCW 42.18, moved to exclude the testimony of an expert witness for the plaintiffs, Dr. Paul Hageman.

According to affidavits presented to the trial court, Dr. Hageman was a psychiatrist who, at the time of the alleged incident leading to this suit, was employed full time at the Rainier School. He carried on a private practice in his spare time, and Julia had been one of his private patients before and after her admission to Rainier School. Hageman was not present at the Rainier School at the time of the alleged incident leading to the plaintiffs' complaint, but he did attend a staff meeting, in his capacity as acting medical director of Rainier School, approximately 3 days after the incident is alleged to have occurred. A summary of the school's investigation of the incident was discussed at that meeting, as well as plans for dealing with Julia in the future.[1] Hageman said that he saw Julia two times later that day or the next day, at the request of the school's superintendent. He said that she appeared agitated at these meetings and did not respond to his presence. Hageman indicated that he also conferred at least three times with Dr. Ruvalcaba, the Medical Director of Rainier School, and met once with the administrator of the school's developmentally disabled program.

The trial court concluded after a hearing that Hageman should not be permitted to testify as an expert witness, and it entered an order to that effect.

Only one issue is presented. Did the trial court err in concluding that Dr. Hageman should not be permitted to testify as an expert witness for the plaintiff? ER 104(a) provides that preliminary questions regarding the "qualification of a person to be a witness, the existence of privilege, or the admissibility of evidence" are to be determined by the trial court. The defendants, citing a case having to do

---

[1]Hageman recalls that there were discussions at the meeting that Julia's father was suspected of having sexually assaulted her. Other potential suspects discussed at the meeting included Rainier School employees and/or another resident of the school.

with the qualifications of expert witnesses, argue that the trial court's rulings on preliminary questions may not be overturned absent a showing of an abuse of discretion. *McKee v. American Home Prods. Corp.*, 113 Wn.2d 701, 782 P.2d 1045 (1989). They correctly point out that an abuse occurs only where discretion is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 482 P.2d 775 (1971).

■ While a trial court does have discretion to determine whether an expert is qualified, this is not a case where the trial court is being called upon to make such a determination. There is no suggestion that Hageman is unqualified as an expert or that his testimony otherwise lacks probative value. The State asserts, rather, that this otherwise competent witness is disqualified from testifying because RCW 42.18.180 creates a privilege "of sorts." Whether or not a statute creates a testimonial privilege is a determination of law, and a trial court has no discretion to find a privilege where none exists.

The statute invoked by the State is RCW 42.18.170(1)(a), a part of the Executive Conflict of Interest Act. It provides in pertinent part:

> Except in the course of his official duties or incident thereto, *no state employee shall assist another person,* whether or not for compensation, *in any transaction involving the state*:
> (a) In which he has at any time participated; or

(Italics ours.)

■ The State contends that Hageman participated in a transaction involving the State and Julia, and that he may, therefore, not assist Julia by providing expert testimony on her behalf. Even if we agreed with the State that Hageman's participation in the transaction was substantial,[2] the State does not prevail. We reach that conclusion because of the provisions of RCW 42.18.180(2), which provide:

---

[2]RCW 42.18.080 defines "participate" as "personally and substantially as a state employee, through approval, disapproval, decision, recommendation, the rendering of advice, investigation, or otherwise."

Nothing in this chapter shall prevent a state employee from giving testimony under oath or from making statements required to be made under penalty of perjury or contempt.

Reading both RCW 42.18.170(1) and RCW 42.18.180(2), we hold that there is no testimonial privilege that may be asserted by the State when one of its employees is called upon to give "testimony under oath," even if the testimony relates to transactions in which the employee participated "personally and substantially."

Indeed, the State concedes that Dr. Hageman cannot be prevented from giving testimony as to facts. It argues that he may, however, be prevented from giving expert testimony. We fail to see how the State reaches such a conclusion, in light of RCW 42.18.180, which expressly states that "nothing" in the chapter "shall prevent an employee from giving testimony under oath".

The State cites *Southeastern Pa. Transp. Auth. v. General Motors Corp.*, 103 F.R.D. 12, 13 (E.D. Pa. 1984), as support for its argument. In that case, the court looked at a regulation of the United States Department of Transportation which prohibited employees from testifying as experts as to matters relating to the employee's duties in any proceeding between private litigants.[3] A federal employee who had authored a government report which was critical of design features, similar to those on buses which figured in the litigation, was subpoenaed as a witness by a plaintiff alleging a design defect. The court upheld that regulation as a valid exercise of governmental authority and precluded the witness from testifying. That case is scant authority for the proposition advanced by the State here. The provisions of Washington's Executive Conflict of Interest Act, unlike the federal regulation reviewed in the *Southeastern* case, make it clear that state employees are not immune from being called to testify under oath. That being the case, the

---

[3]The regulation provides: "Subject to §§ 9.9 and 9.13, an employee of the Department may not testify as an expert or opinion witness, as to any matter related to his duties or the function of the Department, in any legal proceeding between private litigants . . .". 49 C.F.R. § 9.7 (1983).

trial court erred in ordering that Hageman could not testify.

Reversed.

PETRICH, A.C.J., and MORGAN, J., concur.

Review denied at 117 Wn.2d 1003 (1991).