[No. 22058-0-II. Division Two. March 26, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN ALLEN VIETZ, *Appellant*.

*Gregg E. Bradshaw* of *Walker Bradshaw & Oaks, P.S.*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *John C. Hillman* and *Barbara L. Corey-Boulet, Deputies,* for respondent.

BRIDGEWATER, C.J. — We are asked to decide whether actions taken and statements given to a licensed practical nurse (LPN) by a criminal defendant are privileged under the nurse-patient privilege statute. We hold that the statute does not apply to LPNs. Thus, testimony regarding Stephen Vietz's statements and his handing over of a baggie containing methamphetamine is admissible. We affirm the conviction of possession of a controlled substance.

Vietz entered the emergency room of a hospital and told

a LPN that he had something crawling in his blood. Because he was acting strangely, the LPN asked whether he was using drugs. He replied that he was and handed her a baggie of methamphetamine, saying, "I don't want this." Vietz contends that the LPN should have been prohibited from testifying about any information she obtained from him because it was privileged under the nurse-patient privilege statute, RCW 5.62.020. His assertion is that LPNs have an independent privilege under the statute.[1]

 This court reviews the trial court's interpretation of the privilege statute de novo. *Drewett v. Rainier Sch.*, 60 Wn. App. 728, 730, 806 P.2d 1260, *review denied*, 117 Wn.2d 1003 (1991). As with the physician-patient privilege statute, this privilege statute is in derogation of common law and should be strictly construed. *See State v. Ross*, 89 Wn. App. 302, 307-08, 947 P.2d 1290 (1997), *review denied*, 135 Wn.2d 1011 (1998).[2]

RCW 5.62.020 provides in relevant part:

### Registered nurse—Privileged communications— Exceptions

No registered nurse providing primary care or practicing under protocols, whether or not the physical presence or direct supervision of a physician is required, may be examined in a civil or criminal action as to any information acquired in attending a patient in the registered nurse's professional capacity, if the information was necessary to enable the registered nurse to act in that capacity for the patient, unless:

(1) The patient consents to disclosure . . . or

---

[1]Vietz does not claim or argue a derivative privilege from either a physician or a registered nurse. Such a privilege does not arise until a physician-patient (or nurse-patient) relationship exists. Vietz had not been contacted by either a physician or a registered nurse, but came directly to the LPN. *See* RCW 5.60.060(4); *State v. McCoy*, 70 Wn.2d 964, 965-66, 425 P.2d 874, *cert. denied*, 389 U.S. 873 (1967); *State v. Cahoon*, 59 Wn. App. 606, 609-11, 799 P.2d 1191 (1990), *review denied*, 116 Wn.2d 1014 (1991).

[2]Paramedics are not specifically listed among the professionals in the physician-patient privilege statute. Because the privilege statute cannot be broadly interpreted, it does not apply to information obtained by paramedics. *Ross*, 89 Wn. App. at 307.

(2) The information relates to the contemplation or execution of a crime in the future . . . .

The definition section of this chapter states that " '[r]egistered nurse' means a registered nurse or advanced nurse practitioner licensed under chapter 18.79 RCW." RCW 5.62.010(1).

RCW 18.79 describes various nursing classifications and sets forth different licensing requirements for registered nurses, RCW 18.79.040; advanced registered nurse practitioners, RCW 18.79.050; and licensed practical nurses, RCW 18.79.060. The category mentioned in RCW 5.62.010(1) of "advanced nurse practitioner" is not found in RCW 18.79.

■ ■ Vietz argues that, because RCW 18.79 does not include a description of "advanced nurse practitioner" (as opposed to "advanced registered nurse practitioner"), that term includes LPNs. We begin by noting that if the language of a statute is unambiguous, then its meaning is to be derived from the statute itself. There is ambiguity only if the language of the statute is susceptible to more than one reasonable interpretation. *See Limstrom v. Ladenburg*, 136 Wn.2d 595, 963 P.2d 869 (1998). We find no ambiguity. A strict reading of the statutes and a review of other sections of RCW 18.79 indicate that "registered nurse," as defined in RCW 5.62.010(1), refers to registered nurses and advanced registered nurse practitioners only.

■ Looking at the specific language of the statute, RCW 5.62.010 uses the terms "registered nurse" and "nurse practitioner." It does not use the term "practical nurse." The definition section of RCW 18.79 states that, "unless otherwise specified as a practical nurse . . . ," "nurse" means "a registered nurse . . . ." RCW 18.79.020(6). Thus, the use of the general term "nurse" does not include licensed practical nurses. In RCW 5.62.010, "practical nurse" is not specifically listed. Thus, "advanced nurse practitioner" cannot include "practical nurse." Accordingly, RCW 5.62.020 does not apply to practical nurses.

■ Vietz argues that the statute is ambiguous and

invites this court to use rules of statutory construction, such as the rule of lenity and legislative intent. But even if we were to find an ambiguity, we would employ a more basic rule of statutory construction: "Where a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alterius—specific inclusions exclude implication." *Washington Natural Gas Co. v. Public Util. Dist. No. 1*, 77 Wn.2d 94, 98, 459 P.2d 633 (1969) (citing *State v. Roadhs*, 71 Wn.2d 705, 707, 430 P.2d 586 (1967)).

RCW 5.62.010(1) does not refer to "licensed practical nurses," but RCW 18.79.060 specifically defines that category of nurses. The Legislature could have included LPNs in either the privilege statute, RCW 5.62.020, or the definitional statute, RCW 5.62.010. It did not, and we will not add it. Thus, even if the statute is ambiguous, the Legislature expressly omitted LPNs from the privilege and definition sections.

The Washington Legislature specifically left LPNs out of the nurse-patient privilege statute. As with the paramedic in *Ross*, 89 Wn. App. at 307-08, the Legislature's omission must be interpreted literally. The LPN testimony was not subject to the privilege and was properly ruled admissible.

Affirmed.

HOUGHTON and HUNT, JJ., concur.