38 P.3d 1017 (2001)
109 Wash.App. 869
In re the Personal RESTRAINT Petition OF Earl Ira BOWMAN, Petitioner.
No. 46585-6-I.
Court of Appeals of Washington, Division 1.
December 24, 2001.
*1018 Dana Nelson, Nielsen Broman & Assoc., Seattle, Counsel for Appellant.
Deborah Dwyer & Ann Summers, King County Pros. Ofc., Seattle, Counsel for Respondent.
BAKER, J.
Earl Ira Bowman challenges his sentence for solicitation to deliver cocaine imposed pursuant to RCW 9.94A.410. The sentence was based on a plea bargain after Bowman was charged under RCW 9A.28.030. Bowman argues that it is not clear whether the Legislature intended solicitation to be charged under chapter 9A.28 RCW or as an offense under chapter 69.50 RCW. He argues that this ambiguity requires that the rule of lenity be applied and resolved in his favor, resulting in a maximum 12 month sentence under chapter 69.50 RCW, instead of the lengthier sentence he received. We disagree and hold that solicitation to deliver is an offense under chapter 9A.28 RCW, not chapter 69.50 RCW.

I
In an amended information, Bowman was charged with the crime of solicitation of delivery of cocaine, arising out of his involvement in the sale of a small amount of rock cocaine to an undercover police officer. Bowman subsequently pled guilty and was convicted of violation of RCW 9A.28.030 and RCW 69.50.401. At sentencing the trial court determined that Bowman's standard range was 30.75 to 40.5 months and sentenced Bowman to 30.75 months. Bowman now contends for the first time in this personal restraint petition that his conviction for solicitation of delivery of cocaine was without statutory authority. Bowman argues that the interplay between chapter 9A.28 RCW and chapter 69.50 RCW leaves ambiguous the question of how solicitation is properly charged, and the ambiguity must be resolved in his favor. He argues that the rule of lenity requires us to determine that solicitation to deliver cocaine is an offense under RCW 69.50.407, not RCW 9A.28.030.

II
To receive collateral review of a conviction on nonconstitutional grounds, a petitioner must establish that the claimed error *1019 constitutes a fundamental defect which inherently results in a complete miscarriage of justice.[1] A "fundamental defect" justifying collateral relief is established in a personal restraint petition when the sentence imposed on the petitioner is not authorized by statute, even though the petitioner has pled guilty to the sentence and appealed neither the conviction nor the sentence.[2] Moreover, a defendant sentenced in violation of our sentencing laws may raise the error for the first time on a personal restraint petition, even if the defendant agreed to the sentence pursuant to a plea agreement.[3] However, a petitioner may not bring an equal protection challenge arguing that his sentence for criminal solicitation under RCW 9A.28.030 was longer than the sentence he would have received for attempt or conspiracy to commit a crime under RCW 69.50.407.[4] The State in its brief conceded that the holding in State v. Moten[5] is inapplicable here. Bowman is not arguing that his sentence is unconstitutional as in Moten, but rather that the trial court did not have authority to sentence him under RCW 9.94A.310(2) and RCW 9.94A.410, because solicitation to deliver is an offense under chapter 69.50 RCW. Bowman's challenge falls within the scope of In re Personal Restraint of Moore[6] and In re Personal Restraint of Cook.[7] Specifically, that "[c]onfinement beyond that authorized by statute is exactly the kind of fundamental defect which the rule we announced in Cook was aimed at remedying."[8]
Washington law criminalizes three inchoate or "anticipatory" offenses: attempt, solicitation, and conspiracy which are defined in Title 9A RCW.[9] In contrast, the Uniform Controlled Substances Act, chapter 69.50 RCW, includes only attempt and conspiracy as specific offenses under that chapter.[10] The crime of solicitation is conspicuously absent.[11] Bowman was charged under RCW 9A.28.030 prohibiting solicitation, and RCW 69.50.401(a)(1), prohibiting delivery of cocaine. Persons convicted under chapter 9A.28 RCW are sentenced pursuant to RCW 9.94A.410.[12] Offenders, such as Bowman, who solicit a delivery and are sentenced under RCW 9.94A.410, are subject to a five-year maximum sentence. In contrast, offenders who attempt or conspire to commit delivery are charged under RCW 69.50.407[13] and are subject to a one-year maximum sentence under RCW 9.94A.120(7).[14]
Bowman argues that his sentence is not authorized by law, because solicitation is an offense under the Uniform Controlled Substances Act, chapter 69.50 RCW, and the sentencing court lacked authority to sentence him under statutes applicable to anticipatory offenses charged under chapter 9A.28 RCW.
*1020 The issue raised by Bowman is controlled by our supreme court's decision in In re Personal Restraint of Hopkins.[15] In Hopkins, the defendant pled guilty to solicitation to deliver cocaine and was sentenced to 81 months. He subsequently filed a personal restraint petition, arguing that the statutory maximum for his offense was five years.[16] This court upheld the sentence, holding that because Hopkins' solicitation offense was his second drug offense, his sentence was subject to a doubling provision in the Uniform Controlled Substances Act.[17] In reversing, the supreme court concluded that solicitation is not an offense under the Uniform Controlled Substances Act.[18]
Bowman relies on Hopkins for the contention that the interplay between chapter 9A.28 RCW and chapter 69.50 RCW renders the statutes ambiguous. Additionally, he argues that the rule of construction disfavoring absurd results supports the conclusion that solicitation to deliver is an offense under chapter 69.50 RCW.[19] Bowman makes the point that if the statutes are interpreted as the State contends, the result would be to punish offenders who commit solicitation up to five times more harshly than those who commit attempts or conspiracies to deliver.[20] Bowman maintains there is no rational reason the Legislature would choose to punish solicitation five times more harshly than the other two inchoate crimes as they relate to violations of the Uniform Controlled Substances Act.
Bowman misunderstands Hopkins. The court applied the rule of lenity to buttress its decision, but the court's holding actually turned on the plain meaning of the Uniform Controlled Substances Act:
We adhere to the rule of expressio unius est exclusio alteriusspecific inclusions exclude implication. In other words, "[w]here a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions." Accordingly, under the plain language of RCW 69.50.408, the express legislative inclusion of attempt and conspiracy is exclusive, and the further implied inclusion of solicitation is barred. In such circumstances, "the silence of the Legislature is telling" and must be given effect.[21]
The court repeatedly emphasized that its holding was based on "the plain language" of the Uniform Controlled Substances Act.[22] The court also pointed out that the same result is obtained under the rule of lenity, but that point is secondary to the court's interpretation of the statutory language. This is consistent with the rule that courts must first attempt to clarify a statutory ambiguity before applying the rule of lenity, and cannot apply the rule where it would contravene the Legislature's intent.[23] *1021 The rule of lenity is only applied when the Legislature's intent is lacking.[24]Hopkins determined the Legislature's intent, rendering further construction unnecessary. In short, it was the Legislature's intent, not the rule of lenity that led to the result in Hopkins. That intent, and Hopkins' holding, apply equally here.
We agree that there is an apparent inconsistency in the sentencing of these inchoate crimes. But, given the plain wording of the statute and the specific holding in Hopkins, we are not free to rewrite the pertinent statutes.
DENIED.
ELLINGTON and COLEMAN, JJ., concur.
NOTES
[1] In re Personal Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).
[2] In re Personal Restraint of Moore, 116 Wash.2d 30, 32-33, 803 P.2d 300 (1991).
[3] Moore, 116 Wash.2d at 32-33, 38-39, 803 P.2d 300.
[4] State v. Moten, 95 Wash.App. 927, 928, 976 P.2d 1286 (1999) (holding that a petitioner may not bring an equal protection challenge or argue that his sentence is cruel and unusual for the first time in a personal restraint petition when the defendant agreed to the sentence by pleading guilty).
[5] 95 Wash.App. 927, 976 P.2d 1286 (1999).
[6] 116 Wash.2d 30, 803 P.2d 300 (1991).
[7] 114 Wash.2d 802, 792 P.2d 506 (1990).
[8] Moore, 116 Wash.2d at 33, 803 P.2d 300.
[9] RCW 9A.28.020, .030, .040.
[10] RCW 69.50.407.
[11] In re Personal Restraint of Hopkins, 137 Wash.2d 897, 901, 976 P.2d 616 (1999).
[12] RCW 9.94A.410 reads: "For persons convicted of the anticipatory offenses of criminal attempt, solicitation, or conspiracy under chapter 9A.28 RCW, the presumptive sentence is determined by locating the sentencing grid sentence range defined by the appropriate offender score and the seriousness level of the crime, and multiplying the range by 75 percent."
[13] RCW 69.50.407 reads: "Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
[14] State v. Mendoza, 63 Wash.App. 373, 377-78, 819 P.2d 387 (1991).
[15] 137 Wash.2d 897, 976 P.2d 616 (1999).
[16] Hopkins, 137 Wash.2d at 899, 976 P.2d 616.
[17] Hopkins, 137 Wash.2d at 899, 976 P.2d 616.
[18] Hopkins, 137 Wash.2d at 900-01, 976 P.2d 616.
[19] State v. Cann, 92 Wash.2d 193, 195, 595 P.2d 912 (1979) (statutes must be given a reasonable construction to avoid absurd results).
[20] "Solicitation is a step in the direction of the target crime but it does not constitute the overt act directed toward its commission that is a necessary element of the crime of attempt. Solicitation involves no more than asking or enticing someone to commit a crime." State v. Gay, 4 Wash.App. 834, 839-40, 486 P.2d 341 (1971).
[21] Hopkins, 137 Wash.2d at 901, 976 P.2d 616 (emphasis added; citations omitted).
[22] Hopkins, 137 Wash.2d at 901, 903, 976 P.2d 616.
[23] In re Post Sentencing Review of Charles, 135 Wash.2d 239, 250 n. 4, 955 P.2d 798 (1998) (if statutory construction and legislative history fail to remove ambiguity, rule of lenity applies); State v. Avila, 102 Wash.App. 882, 891-92, 10 P.3d 486 (2000); review denied, 143 Wash.2d 1009, 21 P.3d 290 (2001); In re Personal Restraint of Sietz, 124 Wash.2d 645, 652, 880 P.2d 34 (1994) ("[T]he rule of lenity applies to the SRA and operates to resolve statutory ambiguities, absent legislative intent to the contrary, in favor of a criminal defendant.") (citing State v. Roberts, 117 Wash.2d 576, 586, 817 P.2d 855 (1991)); State v. Vietz, 94 Wash.App. 870, 873-74, 973 P.2d 501 (1999) (refusing to apply rule of lenity where maxim expression unius est exclusio alterius demonstrated Legislature's intent); State v. Yokley, 91 Wash.App. 773, 781 n. 15, 959 P.2d 694 (1998) (rule of lenity cannot be applied where it would defeat the Legislature's intent).
[24] Charles, 135 Wash.2d at 250 n. 4, 955 P.2d 798 ("[T]he rule of lenity does not require forced, narrow or overstrict construction if it defeats the intent of the Legislature. We have explained that the rule only applies when a penal statute is ambiguous and legislative intent is insufficient to clarify the ambiguity.") (citing In re Sietz, 124 Wash.2d at 652, 880 P.2d 34).