COMMONWEALTH *vs.* PATRICK TATA, JR.

No. 89-P-227.

Middlesex. October 5, 1989. - November 8, 1989.

Present: BROWN, KAPLAN, & PERRETTA, JJ.

*Controlled Substances. Practice, Criminal*, Instructions to jury, Lesser in-
cluded offense. *Statute*, Construction.

At the trial of an indictment for trafficking in cocaine of a weight of one
hundred grams or more, but less than two hundred grams, where there
was no dispute as to the weight of a quantity of the drug taken from
the defendant's closet and where the jury were warranted in finding
that the defendant possessed that weight and intended to distribute at
least a part of it, the defendant was not entitled to have the jury in-
structed to deduct from the total quantity seized any portion which the
defendant intended for his personal use and, based on the result, to
consider the lesser included offense of trafficking in a quantity weighing
from twenty-eight to one hundred grams. [25-26]

INDICTMENT found and returned in the Superior Court De-
partment on May 22, 1985.

The case was tried before *James D. McDaniel, Jr.*, J., and
a motion for a new trial was heard by him.

*Robert L. Sheketoff* for the defendant.

*David R. Marks*, Assistant District Attorney, for the
Commonwealth.

KAPLAN, J. The defendant was indicted for trafficking in
cocaine of a weight of one hundred grams or more but less
than two hundred grams (G. L. c. 94C, § 32E[*b*][2], as ap-
pearing in St. 1983, c. 571, § 3). Under a search warrant,
the police seized drugs and other things found in a desig-
nated apartment and a related hall closet or locker. Before
trial the defendant moved to suppress the evidence seized,
and to suppress also certain statements made by the defend-
ant during the execution of the warrant. The first motion
failed; the second was allowed in part. At trial the jury

brought in a verdict of guilty of trafficking as charged. The defendant appeals from the judgment of conviction. Also under appeal is the denial of a postverdict motion for a new trial based upon an alleged conflict of interest on the part of defense counsel.

1. The judge left to the jury the trafficking in 100-200 grams and the lesser included offense of simple possession; he did not put to the jury, as additional lesser included offenses, trafficking in 28-100 grams or possession with intent to distribute. The defendant contends that the omission was error. We must set the stage.

Seized under the warrant in the apartment was a bag with a small residue of cocaine, and from the closet, 111.82 grams of eighty-six percent pure cocaine in "rock" form. Also seized were paraphernalia of the narcotics trade, which need not be described.

The defendant took the position at trial with respect to the rock cocaine that he did not possess or control it for any purpose, whether for trafficking or personal use. However, he attempted to show that he was a cocaine user of up to two grams a week.

The defendant objected to the judge's omission to charge in accordance with the defendant's proposed instruction No. 1 (as well as Nos. 2 and 3). No. 1 was entitled "Instruction on 'Lesser Included Offenses' " and set out proposed charges on the three offenses short of the larger trafficking offense named in the indictment. The defendant referred the judge to the proposed instruction by number. He did not address the judge on the grounds of the instruction or, correspondingly, the grounds of the objection to the court's failure to give the instruction. Thus the defendant appears to have done less than is called for by Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), which requires that counsel specify both "the matter to which he objects" and "the grounds of his objection." See *Commonwealth* v. *Keevan*, 400 Mass. 557, 563-564 (1987); *Commonwealth* v. *Maskell*, 403 Mass. 111, 115 (1988).

The defendant gets around to stating his "grounds" in his brief on appeal. There he indicates that, in his conception of trafficking by possession with the intent to distribute, the Commonwealth is bound to prove, out of the total quantity of the drug the defendant possessed, what amount thereof he intended to distribute, and it is that amount which fixes the range or bracket of the trafficking, e.g., whether 28-100 or 100-200. Thus, in the defendant's view, the jury should have been asked to attempt to consider (even despite the defendant's disclaimer of possession of the rock) what part of the rock was intended to be consumed by the defendant himself, and to deduct that amount from the 111.82 grams: thus an instruction would be in order as to the lesser offense involving 28-100 grams.

We think this interpretation of the statute is erroneous and the quantity of rock possessed by the defendant fixed the trafficking bracket so long as there was an intent to distribute some part of it. The language of the statute easily permits that interpretation,[1] and it is reason for accepting the reading that the defendant's contrary interpretation would create great practical difficulty in the enforcement of the law. We cannot suppose that a Legislature which has successively increased the penalties for trafficking would be content with the defendant's interpretation or its practical result. The maxim that penal statutes are to be strictly construed does not mean that an available and sensible interpre-

---

[1]"(b) Any person who trafficks in cocaine or any salt thereof by knowingly or intentionally manufacturing, distributing, or dispensing or possessing with intent to manufacture, distribute, or dispense or by bringing into the commonwealth a net weight of twenty-eight grams or more of cocaine or any salt thereof or a net weight of twenty-eight grams or more of any mixture containing cocaine or any salt thereof shall, if the net weight of cocaine or any salt thereof or any mixture thereof is: . . . "One hundred grams or more, but less than two hundred grams, be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of five years and a fine of not less than five thousand nor more than fifty thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.'"

tation is to be rejected in favor of a fanciful or perverse one. See *Edgartown* v. *State Ethics Commn.*, 391 Mass. 83, 90 (1984) (quoting from *Simon* v. *Solomon*, 385 Mass. 91, 102-103 [1982]: the maxim "is a guide for resolving ambiguity, rather than a rigid requirement that we interpret each statute in the manner most favorable to defendants"); *United States* v. *Restrepo*, 676 F. Supp. 368, 372 (D. Mass. 1987), aff'd, 867 F.2d 605 (1st Cir. 1988) ("I must not construe the criminal statute so strictly as to defeat the obvious intention of the legislature. . . . Nor may I manufacture ambiguity to invoke the rule of lenity so as to defeat that intent").[2] And see the discussion of the maxim in Estridge and Frickey, Cases and Materials on Legislation: Statutes and the Creation of Public Policy 658-676 (1988).

There was no contest about the weight of the rock taken from the closet; the jury may be taken to have found that the defendant possessed that weight and intended to distribute at least a part of it. What has been said supports the judge's omission to charge on the 28-100 grams provision of the statute as a lesser included offense. So also, the weight being uncontested, there was no proper basis for charging on possession with intent to distribute, that is, possession of an indeterminate weight. See *Commonwealth* v. *Egerton*, 396 Mass. 499, 504 (1986).

2. Other claims of error are without merit. The search warrant was adequately supported by the affidavits presented to the magistrate; and there was no basis for suppressing the evidence found. The judge's ruling on the motion to suppress statements was correct. There was no error in the trial judge's admitting expert testimony regarding certain practices of the narcotics trade. The pretrial ruling with regard to

---

[2]In the *Restrepo* case, the judge was interpreting the Federal Narcotics Penalties and Enforcement Act of 1986. He went on to hold against the defendants' claim that the penalty scheme of the statute denied them due process and equal protection "because it bases the severity of punishment on the quantity, rather than the purity, of the compound in the accused's possession." 676 F. Supp. at 375; 375-377.

an alleged conflict of interest was correct, and a new trial motion for the same alleged reason was properly denied.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*