[Nos. 59846-1; 61060-6.   En Banc.   September 15, 1994.]

*In the Matter of the Personal Restraint of* ROBERT CLARK SIETZ, *Petitioner.*

*In the Matter of the Personal Restraint of* M. ANDRE BUCHMANN, *Petitioner.*

*Robert Clark Sietz*, pro se, and *Colleen E. O'Connor* of *Washington Appellate Defender Association*, for petitioner Sietz.

*John G. Ziegler*, for petitioner Buchmann.

*C.C. Bridgewater, Prosecuting Attorney for Cowlitz County*, and *Jill Johanson, James J. Stonier*, and *Chris Mahre, Deputies; Norm Maleng, Prosecuting Attorney for King County*, and *Pamela Mohr, Deputy*, for respondent.

GUY, J. — Petitioners Robert Sietz and Marvin Buchmann filed personal restraint petitions to contest their offender score calculations under the Sentencing Reform Act of 1981 (SRA). Both Sietz and Buchmann assert their sentencing judge improperly calculated their offender score, and thus their standard range sentence, by counting judicially ordered concurrent sentences as separate offenses, contrary to RCW 9.94A.360(6)(c). We agree and remand for resentencing.

## FACTS

### Robert Sietz

Robert Sietz entered a plea of guilty to second degree theft in 1981. Sietz received a deferred sentence for a period of 3 years with the following conditions: probation for a period of 3 years, 45 days in jail, and payment of court costs. On July 7, 1983, Sietz was found guilty of possession of stolen property in the second degree and was sentenced to a maximum term of not more than 5 years in jail. The next day,

Sietz's 1981 deferred sentence was revoked, and he was sentenced to a maximum term of not more than 5 years in jail. The superior court judge ordered Sietz's 1981 conviction to be served concurrently with Seitz's 1983 conviction.

In 1992, Sietz pleaded guilty to robbery in the first degree and burglary in the second degree. In calculating Sietz's offender score for his 1992 offenses, Sietz's 1981 and 1983 convictions were counted separately. Sietz filed a personal restraint petition in the Court of Appeals challenging the computation of his offender score. Sietz contends his 1981 and 1983 convictions were served concurrently under RCW 9.94A.360(6)(c) and should therefore be counted as one offense. The Court of Appeals dismissed Sietz's personal restraint petition. He appealed and we accepted discretionary review.

## Marvin Buchmann

Marvin Buchmann entered a plea of guilty to burglary in the second degree in 1981. Buchmann received a deferred sentence for a period of 3 years with the following conditions: probation for a period of 3 years and payment of court costs. In 1982, Buchmann entered a plea of guilty to burglary in the second degree and was given a suspended sentence with the following conditions: probation for a period of 3 years, 6 months in jail, payment of court costs, and continued probation for the 1981 conviction under its original terms. On June 4, 1984, Buchmann was found guilty of burglary in the second degree. He was sentenced on July 17, 1984, to a maximum term of not more than 10 years in jail. The superior court judge ordered that the 1984 conviction be served concurrently with Buchmann's 1981 and 1982 convictions. On the same day, Buchmann's 1981 deferred sentence was revoked and he was sentenced to a maximum term of not more than 10 years in jail. The superior court judge ordered that the 1981 conviction be served concurrently with Buchmann's 1982 and 1984 convictions. On July 18, 1984, Buchmann's 1982 suspended sentence was revoked and he was sentenced to a maximum term of not more than 10 years in jail. The superior court judge ordered that the 1982

conviction be served concurrently with Buchmann's 1981 and 1984 convictions.

In 1989, Marvin Buchmann was found guilty on two counts of robbery in the first degree. In calculating Buchmann's offender score for his 1989 offenses, Buchmann's 1981, 1982, and 1984 convictions were counted separately. Buchmann filed a personal restraint petition in this court challenging the computation of his offender score. Buchmann contends the 1981, 1982, and 1984 convictions were served concurrently under RCW 9.94A.360(6)(c) and should therefore be counted as one offense. We accepted review and consolidated the cases pursuant to RAP 3.3(b).

## ISSUE

Whether a revoked sentence, including but not limited to a deferred sentence, a suspended sentence, or a sentence imposing probation, ordered to be served concurrently with a later conviction, merges all such convictions to establish an "adult conviction served concurrently" for purposes of RCW 9.94A.360(6)(c).

## ANALYSIS

The statute governing whether multiple prior convictions committed before July 1, 1986, are counted separately or are merged and counted as one offense when calculating an offender score under the SRA is RCW 9.94A.360(6)(c), which provides:

> (6) In the case of multiple prior convictions, for the purpose of computing the offender score, *count all convictions separately, except*:
>
> . . . .
>
> (c) In the case of *multiple prior convictions for offenses committed before July 1, 1986*, for the purpose of computing the offender score, *count all adult convictions served concurrently as one offense*, and count all juvenile convictions entered on the same date as one offense. Use the conviction for the offense that yields the highest offender score.

(Italics ours.)

The leading case interpreting RCW 9.94A.360(6)(c) and the critical phrase "adult convictions served concurrently" is

*State v. Roberts*, 117 Wn.2d 576, 817 P.2d 855 (1991). In *Roberts*, we were asked to determine whether under subsection (6)(c) sentences must begin and end on the same date to be served concurrently. Finding no statutory definition for the term "adult convictions served concurrently", we ruled the phrase ambiguous. *Roberts*, 117 Wn.2d at 584-85. Next, we applied the rule of lenity and adopted an interpretation of subsection (6)(c) most favorable to the criminal defendant. We held sentences may be served concurrently under RCW 9.94A.360(6)(c) even if the prior sentences do not begin and end at the same time. *Roberts*, 117 Wn.2d at 586. Lastly, we promulgated a tripartite test for courts to utilize when determining whether an adult sentence is served concurrently. We held sentences are served concurrently within the meaning of RCW 9.94A.360(6)(c) if: (1) the latter sentence was imposed with specific reference to the first; (2) the offenses were committed prior to July 1, 1986; and (3) the concurrent relationship of the sentences was judicially imposed. *Roberts*, 117 Wn.2d at 586.

Applying the *Roberts* test to the convictions and sentences received by Sietz and Buchmann, we hold their offender scores were incorrectly calculated under the SRA. The sentence Sietz received for his 1981 conviction, a sentence not exacted until 1983, was imposed with specific reference to his 1983 conviction; both offenses were committed prior to July 1, 1986; and the record reflects that the sentencing judge intended to impose a concurrent sentence. Under *Roberts*, Sietz's 1981 and 1983 convictions were served concurrently and should be counted as one offense, not two. Similarly, the sentences Buchmann received for his 1981, 1982, and 1984 convictions were all imposed with specific reference to the other convictions, and the three offenses were committed prior to July 1, 1986. The record demonstrates that the sentencing judge intended to impose a concurrent sentence. Thus, under *Roberts*, Buchmann's 1981, 1982, and 1984 convictions were served concurrently and should be counted as one offense, not three.

650

The State contends Sietz's and Buchmann's offender scores were properly calculated pursuant to *State v. Chavez*, 52 Wn. App. 796, 764 P.2d 659 (1988), an appellate decision we distinguished but did not overrule in *Roberts. Roberts*, at 582-83, 587. In *Chavez*, the defendant was convicted of unlawful possession of a controlled substance in 1979 and was placed on probation. In 1983 the defendant was convicted of two other crimes and his 1979 probation was revoked. In sentencing the defendant for the 1983 offenses, the superior court judge ordered the jail term for the 1979 offense to run concurrently with the jail term for the 1983 offenses. When the defendant was convicted of a fourth crime in 1986, the sentencing judge scored the 1979 conviction as 1 point and the two 1983 convictions as 1 point. The sentencing judge concluded the two 1983 convictions were served concurrently, but that the 1979 conviction and 1983 convictions were not served concurrently. The Court of Appeals agreed, holding when a defendant's probation is revoked and the remainder of the sentence is imposed to run concurrently with a sentence for a later conviction, the convictions are not served concurrently for purposes of calculating a defendant's offender score under RCW 9.94A.360(6)(c). *Chavez*, 52 Wn. App. at 798-99; *see also State v. Allyn*, 63 Wn. App. 592, 821 P.2d 528 (1991) (suspended sentences which were not successfully completed, and which years later were swept into a newly imposed sentence of confinement, do not constitute convictions served concurrently within the meaning of RCW 9.94A.360(6)(c)), *review denied*, 118 Wn.2d 1029 (1992). Under *Chavez*, Sietz's and Buchmann's offender scores were properly calculated.

■■■ While this court need not have overruled *Chavez* when it decided *Roberts*, as the issue of a revoked sentence was not before us, a revoked sentence is here before the court and we now reevaluate *Chavez*. We hold the Court of Appeals decisions in *State v. Chavez, supra*, and *State v. Allyn, supra*, are incongruent with the decisions and test this court adopted in *Roberts* and are therefore overruled.

In reaffirming *Roberts* and the tripartite test for determining whether adult sentences are served concurrently for purposes of RCW 9.94A.360(6)(c), we rely on the statutory language adopted by the Legislature. In drafting RCW 9.94A.360, the Legislature decided to treat multiple prior convictions committed pre-July 1, 1986, differently than those committed post-July 1, 1986. For post-July 1, 1986, offenses, the general rule provides that multiple prior convictions are counted separately. RCW 9.94A.360(6). The language is clear. The message is direct. For pre-July 1, 1986, offenses, however, the language adopted by the Legislature is less clear and was determined by this court to be ambiguous. *Roberts*, 117 Wn.2d at 584-85. For pre-July 1, 1986, offenses, multiple prior adult convictions are counted as one offense if the adult convictions were served concurrently. RCW 9.94A.360(6)(c). Subsection (6)(c) was held ambiguous because the critical phrase "adult convictions served concurrently" was not defined by the Legislature. *Roberts*, 117 Wn.2d at 584.

When drafting a statute, if the Legislature uses specific language in one instance and dissimilar language in another, a difference in legislative intent may be inferred. *Roberts*, 117 Wn.2d at 585-86. Here, the dissimilarity in language between pre-July 1, 1986, offenses and post-July 1, 1986, offenses strongly suggests an intent by the Legislature that all multiple prior convictions for adult offenses committed before July 1, 1986, count as one offense under RCW 9.94A.360(6)(c) if the convictions were to be served concurrently. If the Legislature had wanted multiple prior convictions for adult offenses committed pre-July 1, 1986, to be counted separately, the Legislature could have defined "concurrent sentence" or declined to adopt RCW 9.94A.360(6)(c) and left as controlling RCW 9.94A.360(6)(a) (prior adult offenses which are found to encompass the same criminal conduct are counted as one offense).

The decision to extend the *Roberts* test to facts involving a revoked sentence is also mandated by our decision in *Roberts* where we applied the rule of lenity to subsection

(6)(c). As mentioned in *Roberts,* the rule of lenity applies to the SRA and operates to resolve statutory ambiguities, absent legislative intent to the contrary, in favor of a criminal defendant. *Roberts,* 117 Wn.2d at 586; *see also United States v. Granderson,* 511 U.S. 39, 127 L. Ed. 2d 611, 626, 114 S. Ct. 1259 (1994) (the Supreme Court applied the rule of lenity and held a federal criminal sentencing statute will not be interpreted so as to increase the penalty when such an interpretation can be based on no more than a guess as to what Congress intended). Under these circumstances neither RCW 9.94A.360(6)(c) nor the legislative history sanctions the interpretation of subsection (6)(c) presented in *Chavez* and advanced by the State. Accordingly, fairness and stare decisis require that we apply the rule of lenity and interpret RCW 9.94A.360(6)(c) so that all adult offenses committed before July 1, 1986, which satisfy the requirements of *Roberts,* count as one offense for purposes of calculating a defendant's offender score under the SRA.

## CONCLUSION

A revoked sentence for an offense committed before July 1, 1986, ordered by a superior court judge to be served concurrently with another offense committed before July 1, 1986, merges the offenses to establish an "adult conviction served concurrently" for purposes of RCW 9.94A.360(6)(c). Because an "adult conviction served concurrently" is counted as one offense, and the superior court judges who calculated Sietz's and Buchmann's offender score disjoined their concurrent sentences and counted each offense separately, we remand their cases to the respective Superior Courts for resentencing.

UTTER, DOLLIVER, SMITH, JOHNSON, and MADSEN, JJ., concur.

DURHAM, J. (dissenting) — The majority reaches its conclusion only by overturning relevant precedent, *State v. Chavez,* 52 Wn. App. 796, 764 P.2d 659 (1988), and construing *State v. Roberts,* 117 Wn.2d 576, 817 P.2d 855 (1991) in a

manner which actually contradicts *Roberts'* holding. As a consequence, the majority undermines a primary purpose of RCW 9.94A.360(6)(c), which is to structure sentencing decisions with consideration of the offender's history. RCW 9.94A.360(1). The majority offers no convincing reason why its interpretation is preferable to that of the existing case law, and so I must dissent.

In *Roberts*, we held that for purposes of RCW 9.94A.360(6)(c),[1] sentences need not begin and end on the same day to be considered "concurrent". *Roberts*, at 586-87. *Roberts* also promulgated a 3-part test to determine concurrency, except in those situations in which probation was revoked. *Roberts*, at 586-87. Cases involving "remaining probation time" were excluded from the tripartite test, because rigid application of that test would bring absurd results. "We distinguish our holding from the rule in *Chavez* for situations in which the latter sentence is set to run concurrently with remainder time reinstated *for a probation violation.*" (Italics mine.) *Roberts*, at 587. *Roberts* did *not* involve the revocation of probation.

In *Chavez* the defendant was convicted for unlawful possession of a controlled substance in 1979, and received a deferred sentence of 2 years' probation. In June and July of 1983 he was convicted on separate charges of delivery of a controlled substance, and had his probation revoked. Concurrent sentences were imposed for the 1983 convictions and the probation revocation. On July 10, 1986, the defendant was again convicted of unlawful delivery of a controlled substance. The court held that, for purposes of the statute, the 1983 court order that the remainder of the defendant's 1979 sentence be served concurrently with his later convictions did not convert it into a concurrent sentence. The court treated the 1979 conviction as a separate offense, and so avoided the "absurd result" of giving a defendant who failed

---

[1]RCW 9.94A.360(6)(c) governs whether multiple convictions committed before July 1, 1986, are counted separately or are consolidated to count as one in the calculation of an offender score. The section provides that adult convictions should be counted separately unless they are "served concurrently".

probation on a prior conviction and sentence a lower offender score than one who successfully completed probation. *Chavez*, at 799.

The majority is simply following the wrong precedent. *Roberts* does not extend to fact situations like *Chavez*, which involve revoked probation. To the contrary, we specifically excluded such cases as beyond its proper authority. *Roberts*, at 587. In those cases where probation has been revoked, and where the later sentence runs concurrently with the reinstated sentence, *Chavez* is controlling. In all other cases, *Roberts'* 3-part test determines concurrency.

The majority acknowledges the State's contention that the offender scores here were properly calculated pursuant to *Chavez*. Majority, at 650. In the present case, counting all prior convictions as one brings the "absurd result" of giving a lower offender score to a defendant who had failed probation than to one who successfully completes probation. Sietz's probation violation and Buchmann's commission of the crime of second degree burglary for the third time in 3 years, in violation of two probations, hardly deserve to be rewarded with the consolidation of their offenses to count as one. In Buchmann's case this inequity is particularly egregious since the Defendant had already benefited from a continued deferred sentence after his first violation. A primary purpose of the statute was to ensure that punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history. *Chavez*, at 799 (citing RCW 9.94A.010; *State v. Jones*, 110 Wn.2d 74, 750 P.2d 620 (1988)). The majority's decision downplays the significance of criminal history. The factual similarity of the present case to *Chavez*, coupled with *Roberts'* specific exclusion of such situations, mandates that there can be no other reasonable choice but to follow *Chavez*.

To overrule *Chavez*, the majority contrives an artificial conflict with *Roberts*. In creating this impression, the majority diminishes *Roberts*, effectively equating it solely with its tripartite test, and ignoring its contextual qualifications. The test itself is inaccurately described as absolutely

determinative of concurrency, despite *Roberts'* stipulation that *Chavez* and its kind were outside its purview. *Roberts*, at 587. When we decided *Roberts*, we found no conflict with *Chavez*, so it is perplexing that the two cases should now be considered incompatible. Viewed within the proper context, and respecting the exception to the test, *Roberts* and *Chavez* are compatible and complementary.

Nor am I persuaded by the majority's claim of "reliance" on ambiguous statutory language, and its misuse of the rule of lenity. There is no support for the majority's conclusion that the Legislature shared its interpretation of "concurrent sentence", or else would have specifically defined it otherwise. Majority, at 651. The very ambiguity of the term "concurrent" precipitated this case. The argument depends upon the initial acceptance of the meaning that the majority gives to the statute, an interpretation which is itself at odds with precedent. Additionally, instead of using the rule of lenity to resolve the statutory ambiguity in favor of the Defendants, the majority uses the rule to effectively overrule stare decisis. Majority, at 651-52. "The rule of lenity does not require us to reject an 'available and sensible' interpretation in favor of a 'fanciful or perverse' one, and we decline to do so." *State v. McGee*, 122 Wn.2d 783, 789, 864 P.2d 912 (1993) (citing *Commonwealth v. Tata*, 28 Mass. App. Ct. 23, 25-26, 545 N.E.2d 1179 (1989), *review denied*, 406 Mass. 1103 (1990)). *Roberts* and *Chavez* in conjunction provide a sensible and workable interpretation of "concurrence".

Since the previous case law has already satisfactorily addressed the issues before us, I see no persuasive reason to depart from precedent. Therefore, I dissent.

ANDERSEN, C.J., and BRACHTENBACH, J., concur with DURHAM, J.