COMMONWEALTH *vs.* SOLOMON SENBATU. No. 93-P-1696. January 6, 1995. *Controlled Substances. Practice, Criminal*, Instructions to jury, Comment by judge.

We are compelled to reverse the defendant's conviction upon an indictment charging him with trafficking in cocaine of a net weight of more than twenty-eight grams but less than one hundred grams. G. L. c. 94E, § 32E(*b*)(2)(1992 ed.).

In executing a search warrant for the defendant's apartment, the police confiscated two packets of a white powdery substance from the defendant's vest pocket. An additional (third) packet was discovered in a man's jacket hanging over a chair in the kitchen, near where a woman had been sitting. A police officer testified that the defendant acknowledged that the jacket was his. Laboratory analysis revealed that the substance in the three packets was cocaine and that the total net weight of the cocaine in the three packets was 34.3 grams. The defendant objected unsuccessfully to the admission of the cocaine on the ground that the packets were not individually weighed. Possession of the third packet was actively contested by the defendant. The defense theory at trial was that the third packet could have

been slipped into his jacket by the woman present in the apartment at the time of the search.[1]

Because there was no evidence as to the weight of the individual packets (it was also not made clear which packet came from the jacket pocket), if the jury were persuaded by the defendant's argument that he did not possess the third packet, they had no way of determining the weight of the remaining two packets. Nevertheless, given that the three packets weighed close to twenty-eight grams and two of the packets could have weighed less than twenty-eight grams, the defendant could have been charged with possession with intent to distribute cocaine.[2] See G. L. c. 94C, § 32A (1992 ed.); *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986). Contrast *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 26 (1989). Unfortunately, the jury were not given the option to make a finding on that charge. The verdict slip in this case indicated that the defendant had been charged with trafficking in over twenty-eight grams of cocaine and gave the jury the option of finding the defendant (1) not guilty, (2) guilty of the offense as charged, or (3) guilty of the lesser included offense of simple possession of cocaine. As noted, the jury chose option (2).

Had there been evidence of the weight of the individual packets, the jury would also have been warranted in finding the defendant guilty of violating G. L. c. 94C, § 32(*b*)(1) (1992 ed): trafficking in more than fourteen but less than twenty-eight grams of cocaine. In the absence of such evidence, any conclusion that there were between fourteen and twenty-eight grams of cocaine in two of the packets would have been based on speculation, and an instruction (or verdict slip option) based on § 32E(*b*)(1) in this case was inappropriate. In instructing the jury, however, the judge informed the jury that possession of over fourteen grams of cocaine could constitute trafficking.[3]

---

[1] We observe that two other persons besides the defendant were in the apartment at the time of the execution of the search warrant. Neither one was arrested. One Roman Mazara was discovered in the basement. In a pile of dirty laundry, within a few feet of Mazara, $1,050 in U.S. currency was discovered. The defendant contended at trial that Mazara sold the cocaine to the defendant and the woman for the purpose of consumption.

[2] The defendant had requested an instruction on the lesser included offense of possession with intent to distribute cocaine. At a lobby conference prior to closing arguments, the judge indicated that he was disposed to give such an instruction on the basis that the defense theory was "that the young lady up there put [the third packet] in the [defendant's] jacket" and that the jury was "entitled to consider that." There was, however, only an instruction on possession of cocaine and no instruction on possession with intent to distribute. See and contrast *Commonwealth* v. *Westerman*, 414 Mass. 688, 702 (1993).

[3] At the outset of his charge to the jury, the judge, apparently paraphrasing G. L. c. 94C, § 32E(*b*)(1) (1992 ed.), stated as follows: "Any person who traffics in cocaine by knowingly or intentionally possessing with intent to distribute the net weight of fourteen grams or more of cocaine, or a net weight of fourteen grams or more of any mixture containing cocaine shall be punished . . . ." The judge went on to state that trafficking does not imply a continuing enterprise and that "Traffic

A bench conference at the conclusion of the main charge did not elimi-nate the confusion. The prosecutor stated, "[O]n the instructions, Judge, you indicated fourteen grams or more." The judge responded, "No, posses-sion of cocaine, it is fourteen or more, Okay?" The prosecutor answered, "[T]he trafficking is twenty-eight grams. Maybe I'm misunderstanding. But in order to find him guilty, let's say the enhanced penalty, I think the jury has to find twenty-eight grams or more." The judge responded, "[T]hat's as charged. The indictment says twenty-eight grams or more. I told them guilty as charged." Shortly thereafter, the judge said he would explain this to the jury. What the judge in fact did was to explain the verdict slips, outlining the three options for the jury: not guilty, guilty of the offense as charged — "that means possession of cocaine over twenty-eight grams" — or possession of cocaine. The judge did not deliver a sup-plementary instruction that, in order to prove trafficking, it was the Com-monwealth's burden to prove beyond a reasonable doubt that the defend-ant possessed an amount of cocaine over twenty-eight grams but less than one hundred grams. The confusing reference to trafficking in over fourteen grams was left uncorrected, and, thus, the jury had no way of reconciling the judge's explanation of the verdict slips with the jury instructions on trafficking.

Under the instructions as given, the jury may have believed that they could convict the defendant of trafficking even if they found that the de-fendant had possession of less than twenty-eight grams of cocaine. This is especially so given the circumstance, discussed above, that the jury were not given any option on the verdict slip of a verdict that the defendant intended to distribute less than twenty-eight grams of cocaine.[4]

The above errors were compounded when the judge told defense counsel, in the presence of the jury, "And there's no evidence at all that your client was a user." As the defense was predicated in part on the theory that the defendant was a consumer of cocaine, not a dealer, the judge's remark comes perilously close to amounting to an interference with the jury's fact-finding function.

---

under the statute means to knowingly and intentionally possess at least fourteen grams of cocaine with the specific intent to distribute. As I told you, I think, at the beginning of the trial, if a person has thirteen grams of cocaine with the same in-tent, knowing that he had it, it is not trafficking. When you get to fourteen grams, then it's trafficking." The judge then summarized the five elements that the Com-monwealth had to prove beyond a reasonable doubt, the last element being "that the amount of cocaine possessed by the defendant was fourteen grams or more." The judge repeated this element shortly thereafter.

[4]In *Commonwealth* v. *Martinez*, 37 Mass. App. Ct. 948, 951 (1994), this court held that a similar instruction in a trafficking case (by the same judge) was errone-ous but that there was no prejudicial error because, unlike the situation in this case, no serious issue was raised at trial as to the weight of the drugs involved. There, the evidence was that the drugs weighed 1,000 grams, clearly in excess of the two hun-dred grams charged.

In the circumstances presented here, there is ample ground for a determination that the defendant did not receive a fair trial.

*Judgment reversed.*
*Verdict set aside.*

*Ruth Greenberg*, for the defendant.
*Margaret J. Perry*, Assistant District Attorney, for the Commonwealth.