[Nos. 64785-2; 65890-1. En Banc.]
Argued February 23, 1998. Decided May 28, 1998.

*In the Matter of the Post Sentencing Review of* GUY L. CHARLES.

THE STATE OF WASHINGTON, *Respondent,* v. GARY E. LEWIS, *Petitioner.*

*Ende, Subin & Philip*, by *Douglas J. Ende*, for petitioner Guy L. Charles.

*Jeannette D. Jameson*, for petitioner Gary E. Lewis.

*Christine O. Gregoire, Attorney General*, and *Thomas J. Young, Assistant*, for respondent Department of Corrections.

*David H. Bruneau, Prosecuting Attorney for Clallam County*; *Russell D. Hauge, Prosecuting Attorney for Kitsap County*, and *Pamela B. Loginsky, Deputy*, for respondent State.

*Jeffrey E. Ellis* on behalf of Washington Association of Criminal Defense Lawyers and Washington Defender Association, amici curiae.

GUY, J. — This case involves the computation of the length of sentences under the "Hard Time for Armed Crime" initiative which amended the Sentencing Reform Act of 1981 (SRA) in 1995. Two cases are before us which have been consolidated for review.

### Guy Charles

Guy Charles was convicted of assault in the second degree and assault in the third degree and three misdemeanors based on a single incident which occurred on October 26, 1995. The jury returned a deadly weapon special verdict pertaining to each of the two assault counts.

Without any sentence enhancements, the standard range was 12 to 14 months for the second degree assault count and 4 to 12 months for the third degree assault count. Pursuant to RCW 9.94A.310(3), a part of the codification of the "Hard Time For Armed Crime" initiative, the court imposed sentence enhancements because of Mr. Charles' possession of a firearm. The sentencing court imposed an exceptional sentence of 36 months on the assault in the second degree count in addition to a 36-month firearm enhancement, for a total of 72 months. On the assault in the third degree count, the court imposed a 12-month standard range sentence plus an 18-month deadly weapon enhancement, for a total of 30 months. The court ordered

the two sentences (of 72 months and 30 months) to run concurrently pursuant to RCW 9.94A.400.

The Department of Corrections asked the sentencing judge to resentence Charles, arguing that each of the deadly weapon enhancements should be served consecutively with each other as well as consecutively with the sentence for the underlying crimes. The sentencing court replied that the statutory language was properly construed to allow two firearm enhancements to run consecutively to the underlying sentences to which they applied, but concurrently with each other in cases where the underlying sentences ran concurrently under the SRA.

The Department of Corrections filed a petition pursuant to RCW 9.94A.210(7) and RAP 16.18 seeking a change in the sentence imposed on Mr. Charles by the Clallam County Superior Court. The Department argued to the Court of Appeals that, under RCW 9.94A.310(3), the total sentence should have been 36 months on the assault II concurrent with the 12 months on the assault III, plus 36 months for the firearm enhancement on the assault II, *plus* 18 months for the firearm enhancement on the assault III to run consecutively, for a total sentence of 90 months. The Court of Appeals recognized that the rule of lenity applies when a statute is ambiguous because it is subject to one or more reasonable interpretations. However, the Court held that RCW 9.94A.310(3)(e) is subject to only one reasonable interpretation, namely, the one advanced by the Department of Corrections.

· Mr. Charles sought review and asks this Court to reverse the Court of Appeals and reinstate his original sentence. Statistical data from the Sentencing Guidelines Commission indicates that the superior courts throughout the state are differing on the question of whether weapon enhancements on current crimes that have concurrent sentences should run consecutively or concurrently with each other.

All parties recognize that an enhancement must always run consecutively to the base sentence. We accepted review.

## Gary Lewis

Gary Lewis was convicted of three counts of assault in the second degree relating to incidents which occurred on October 14, 1995. The court found that he was armed with a firearm during the commission of two of the assaults. The court calculated the standard range for each count as 15 to 20 months and found that two firearm enhancements of 36 months applied. The court sentenced Lewis to a total term of 92 months: 20 months for each of the three assaults, to run concurrently, plus two 36-month enhancements to run consecutively to the underlying sentences and to each other.

Lewis appealed, arguing that the sentencing court had erred in severing the 36-month deadly weapon enhancement from one count and adding it to the presumptive sentence range for a separate current offense. He argued that the statute is ambiguous and should be construed in his favor and that consecutive sentences may be imposed only pursuant to RCW 9.94A.400. The Court of Appeals upheld the sentence, holding that under RCW 9.94A.310(3)(e) multiple firearm enhancements run consecutively both to the base sentence and to each other. The Court found the statute unambiguous and declined to apply the rule of lenity. *State v. Lewis*, 86 Wn. App. 716, 937 P.2d 1325, *review granted*, 134 Wn.2d 1007 (1997).

Mr. Lewis petitioned this Court for review, pointing out that various superior courts were applying the statute differently when sentencing multiple current offenses with more than one finding of a weapon enhancement. We accepted review and consolidated the case with that of Guy Charles. Lewis asks this Court to remand for resentencing with instructions that the weapon enhancements should run consecutively with the sentences for the assaults but concurrently to one another. We granted permission for the

Washington Association of Criminal Defense Lawyers and the Washington Defender Association to submit an amicus brief.

## ISSUE

When two or more offenses each carry deadly weapon enhancements and the offenses are sentenced concurrently, are the enhancements consecutive to each other or are they consecutive to the base sentence but concurrent to each other?

## DISCUSSION

■ This case involves the meaning of portions of the SRA, RCW 9.94A. Interpretation of a statute is a question of law reviewed by an appellate court de novo. *E.g., Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997); *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

Prior to the 1995 amendments to the SRA, a sentencing court's decision whether to impose several sentences concurrently or consecutively was controlled by RCW 9.94A.400. The 1995 amendments did not amend RCW 9.94A.400. The general rule under that section of the SRA is that a person sentenced for two or more current[1] offenses serves such sentences concurrently. Except for serious violent offenses, the SRA provides that sentences for most multiple current offenses be served concurrently.[2] RCW 9.94A.400(1)(a), (b); WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. F at F-2 n.40 (1996). The sentence range for each current offense is determined by using all other current and prior convictions as if they were prior convictions for the purpose of computing the offender score. RCW

---

[1]RCW 9.94A.360(1) provides that "[c]onvictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed 'other current offenses' within the meaning of RCW 9.94A.400."

[2]The exception to the rule that current offenses are to be served concurrently occurs when the person has committed two or more "serious violent offenses," in which case sentences are consecutive. RCW 9.94A.400(1)(b). This exception does not apply under the facts of the present cases before the Court.

9.94A.400(1)(a). Except for the serious violent offense exception, consecutive sentences may be imposed only under the exceptional sentence requirements of the SRA. RCW 9.94A.400(1)(a); *State v. Batista,* 116 Wn.2d 777, 783, 808 P.2d 1141 (1991); *In re Personal Restraint of Vandervlugt,* 120 Wn.2d 427, 430, 842 P.2d 950 (1992). The Sentencing Guidelines Commission has summarized the concurrent/ consecutive statute as follows:

> When a defendant is sentenced on the same date for more than one offense, the sentences must be served concurrently (at the same time), except for serious violent offenses, which must be served consecutively (one after the other). When sentences run concurrently, each conviction is counted as part of the offender's criminal history, so the sentence for the more serious offense is longer than it would be without the additional convictions.

WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING II-5 (1996).

 In 1995, Initiative 159 entitled "Hard Time for Armed Crime" was submitted to the Legislature, which enacted it without amendment. LAWS OF 1995, ch. 129; *State v. Broadaway,* 133 Wn.2d 118, 124, 942 P.2d 363 (1997); WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. F at F-1 (1996); *see* Const. art. II, § 1(a). The purpose of the initiative was to increase sentences for armed crime. *Broadaway,* 133 Wn.2d at 128. The new law increases the sentence enhancement required when an offender is found to have been armed with a deadly weapon at the time of the offense. The length of the enhancement varies according to the class of felony committed; whether such an enhancement was imposed after an offender had previously been sentenced for a deadly weapon enhancement; and whether the weapon was a firearm or another deadly weapon. The enhancement is to be served consecutively to the base sentence. RCW 9.94A.310; WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. F at F-1 (1996).

This case involves the interpretation of the firearm

enhancement provision of this initiative and the interplay between that enhancement provision and the above cited section of the SRA dealing with concurrent and consecutive sentences. RCW 9.94A.310(3); 9.94A.400. The relevant portion of Initiative 159 was codified at RCW 9.94A.310(3), which provides in part:

> The following additional times shall be added to the presumptive sentence for felony crimes committed after July 23, 1995, if the offender . . . was armed with a firearm . . . and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime . . . .
>
> (a) Five years for any felony defined . . . as a class A felony . . . .
>
> (b) Three years for any felony defined . . . as a class B felony . . . .
>
> (c) Eighteen months for any felony defined . . . as a class C felony . . . .[3]

RCW 9.94A.310(3)(e) provides:

> Notwithstanding any other provision of law, any and all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall not run concurrently with any *other sentencing provisions.*

(Emphasis added.)

The crux of this case is the meaning of the term "other sentencing provisions." The defendants argue that if the word "other" is accorded its usual meaning, it is clear that a firearm enhancement may not run concurrently with a

---

[3]Each of these enhancements is doubled for an offender who has previously received a firearm enhancement under these provisions. RCW 9.94A.310(3)(d). Additionally, an offender cannot earn good-time credits or early release time for any portion of the sentence that results from any deadly weapon enhancement. RCW 9.94A.150; RCW 9.94A.310(3)(e). The enhancements of the 1995 "Hard Time" law apply to all felonies except those defined in the statute which involve using a firearm as an element of the offense. RCW 9.94A.310(3)(f); WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL cmt. at II-67 (1997).

sentencing provision *other than* a firearm enhancement, but may run concurrently with another firearm enhancement. The sentencing court in the Charles case agreed with this construction of the statute; the sentencing court in the Lewis case did not. The defendants argue that if "other" is to have any meaning in this context, it distinguishes "firearm enhancement" from "sentencing provisions." If the term "other sentencing provisions" means any other sentencing provision of the SRA, then each firearm enhancement would be added to each underlying (base) sentence but then the enhanced sentences for the several offenses could run concurrently pursuant to RCW 9.94A.400 if the base sentences ran concurrently. The defendants argue that under this statute, when two or more current offenses each carry firearm enhancements, and the offenses are sentenced to run concurrently, the trial court may impose the enhancements concurrently. The defendants argue that the statutory language is clear and that the determination whether the final sentences for each offense (base plus enhancement) should run concurrently or consecutively is determined by resort to RCW 9.94A.400. Alternatively, they argue that if the statutory language is ambiguous, the rule of statutory construction for penal statutes, the rule of lenity, dictates that the ambiguity be resolved in favor of the defendants.

Amicus asks us to hold that firearm enhancements run concurrently where RCW 9.94A.400 directs that the underlying sentences imposed be served concurrently and where the sentencing court does not find substantial and compelling reasons to depart from that general rule. Conversely, Amicus recognizes that the enhancements must run consecutively where RCW 9.94A.400 mandates that the underlying sentences imposed run consecutively, assuming that the sentencing judge does not find substantial and compelling reasons to do otherwise.

After the enactment of Initiative 159, the State took the position that RCW 9.94A.400 no longer controlled the consecutive/concurrent decision when enhancements are

added to sentences, but that all enhancements must run consecutive both to the presumptive sentence for the crime to which they attach and consecutive to each other.

██ The State argues that the statute means that any and all enhancements should run consecutively with every "other sentencing provision" and that the phrase includes other firearm enhancements. The State argues that the best interpretation of the term "sentencing provisions" is that the phrase refers to other terms or parts of a defendant's sentence. This argument, that the statutory language is clear, rests on the assumption that the phrase "other sentencing provisions" refers to the provisions of an individual defendant's sentence rather than to other sentencing provisions of the SRA. The problem with the State's assertion that this is "clear" is that the term "provision" is used throughout the SRA to refer to provisions of the act itself and not to the parts of a sentence of an offender. *See* RCW 9.94A.120(4); 9.94A.142(4); 9.94A.150; 9.94A.153; 9.94A.190(3), (4); 9.94A.200(3); 9.94A.200040; 9.94A.395(2); 9.94A.400(1)(a); 9.94A.910. When construing a statute, we read it in its entirety and interpret the various provisions in light of one another. An original act and its amendments are read and construed as one act passed at the same time. *State v. Thorne*, 129 Wn.2d 736, 762-63, 921 P.2d 514 (1996).

Although the statutory language ("any other sentencing provisions") could be read to refer to the parts of a particular defendant's sentence, rather than to other provisions of the SRA, this is not the only reasonable construction of the term.

██ The basic rules of statutory construction apply with equal force to legislation by the people through the initiative process. *Senate Republican Campaign Comm. v. Public Disclosure Comm'n*, 133 Wn.2d 229, 241 n.7, 943 P.2d 1358 (1997); *Thorne*, 129 Wn.2d at 762-63. The rule of lenity is a rule of statutory construction which applies to

penal statutes.[4] We recently explained that the rule applies to the SRA and operates to resolve statutory ambiguities, absent legislative intent to the contrary, in favor of a criminal defendant. *In re Personal Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994); *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991); *see also State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996); *State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227, 39 A.L.R.4TH 975 (1984).

■ As discussed above, RCW 9.94A.310(3)(e) is ambiguous with regard to whether enhancements are to always run consecutively to each other or whether RCW 9.94A.400 is to be used to determine whether they are consecutive or concurrent. The directive that "any and all firearm enhancements . . . shall not run concurrently with any other sentencing provisions" has a different result depending on whether the term "other sentencing provisions" is read to mean other sentencing provisions of the SRA or other sentencing provisions of the particular defendant's sentence. Either reading fairly comports with the statutory language. A criminal statute is ambiguous if it can reasonably be interpreted in two or more different ways. *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

■ We have repeatedly looked to the explanations of the Sentencing Guidelines Commission when interpreting the SRA. *E.g., State v. Ha'mim*, 132 Wn.2d 834, 844, 940 P.2d

---

[4]The State suggests that the rule of lenity "arguably" has been abrogated by a 1909 statute. We disagree. RCW 9A.04.020(2) does not abrogate the traditional rule of construction; it simply mandates that statutes be construed according to the fair import of their terms and interpreted to further the general purposes of the criminal code. If the meaning of a statute is clear or can reasonably be discerned from the entire act or from statutory history, there is no resort to rules of statutory construction. The rule of lenity has been adhered to by this Court consistently and recently, and we have never indicated it is abrogated. However, the rule of lenity does not require forced, narrow or overstrict construction if it defeats the intent of the Legislature. *State v. Carter*, 89 Wn.2d 236, 242, 570 P.2d 1218 (1977). We have explained that the rule only applies when a penal statute is ambiguous *and* legislative intent is insufficient to clarify the ambiguity. *In re Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994); *see also Moskal v. United States*, 498 U.S. 103, 107-08, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990). A statute is not ambiguous for purposes of the rule of lenity simply because there is a division of judicial authority over its proper construction. *Reno v. Koray*, 515 U.S. 50, 64-65, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995).

633 (1997); *In re Personal Restraint of Long*, 117 Wn.2d 292, 301, 815 P.2d 257 (1991). The Sentencing Guidelines Commission has recognized the ambiguity of the statute at issue. The year after Initiative 159 was enacted, the Commission discussed the new law and stated:

> Often, provisions of new laws that seem clear when adopted turn out to be ambiguous when applied to the facts in real cases. This appendix identifies several issues of interpretation that have come to the Commission's attention since I-159 took effect. Some of these issues have arisen in sentences for multiple offenses, and involve the difference between concurrent and consecutive sentences . . . .
>
> . . . .
>
> The Commission has not expressed an opinion on any of these issues, but believes they should be resolved, either by the Legislature or through the judicial appeal process, as soon as practicable. The issues described in (1) below have been raised in recent appeals of sentences to Divisions I and II of the Court of Appeals.
>
> **(1) Deadly weapon enhancements: concurrent vs. consecutive sentencing**
>
> Initiative 159 provides that firearm and other deadly weapon enhancements "shall not run concurrently with any other sentencing provisions." When the conviction is for a single offense, this provision is easy to interpret. The enhancement is added to the base sentence that would otherwise be imposed. But when the conviction is for two or more offenses, which are sentenced concurrently, questions of interpretation may arise:
>
> > **(A) Multiple enhancements:** Two or more offenses each carry deadly weapon enhancements. The offenses are sentenced concurrently. Are the enhancements consecutive to each other, or are they consecutive to the base sentence but concurrent to each other?

WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. F at F-1 to F-2 (1996) (footnotes omitted).

The Commission's 1997 Adult Sentencing Guidelines Manual expresses the same concern about the ambiguity in

the SRA in light of the 1995 "Hard Time" amendment. The Commission states:

> Although the 1995 amendments to subsections (3) and (4) in Initiative 159 prohibit weapon enhancements from running concurrently to other sentencing provisions, the Initiative did not amend RCW 9.94A.400, which provides for concurrent sentencing of multiple counts except under circumstances specified in that section. It is unclear how these provisions interact when multiple counts are sentenced concurrently but include weapon enhancements.

WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL cmt. at II-67 (1997).

Before the rule of lenity is applied to favor a defendant's interpretation of an ambiguous statute, we look to see if legislative intent can be determined to resolve the ambiguity. In this case, the State points to a sentence in the House Bill Report written when the Legislature passed Initiative 159, which states that "[t]he deadly weapon enhancements are mandatory and cannot be served concurrently with any other sentence." Post Sentence Pet. Ex. 4 at 5, *In re Charles*, No. 20681-1-II (Wash. Ct. App. Nov. 15, 1996). This statement does not clarify the statute because "sentence" does not necessarily have the same meaning as "enhancement." The Sentencing Guidelines Commission defines "sentence" in part to mean "[a]n order of a court requiring specified punishment of an offender after conviction of one or more crimes." WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. G at G-3 (1996). The Commission defines "enhancement" to mean "[a] period of confinement added to a sentence because of particular circumstances of the crime." *Id.* at G-1. Therefore, the statement in the Bill Report does not answer the question whether an enhancement may run concurrently with another weapon enhancement.

The State also argues that this Court must read multiple firearm enhancements to run consecutively to one another in order to give effect to the purpose of the "Hard Time" initiative, which was to increase sentences for crimes com-

mitted with a firearm. While we recognize this is a purpose of the law, it is achieved under either the State's or the defense's interpretation of the statute because the prior enhancement would have added only 12 months to the presumptive sentence for a second degree assault, while the "Hard Time" amendment to the SRA now adds 36 months as a firearm enhancement for that crime. LAWS OF 1995, ch. 129, § 2. Furthermore, the purpose of the SRA, which includes ensuring that punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history, supports the interpretation of the "Hard Time" initiative which allows the determination of whether sentences should be imposed to run consecutively or concurrently to be determined by RCW 9.94A.400.

■ Nothing in the legislative history serves to clarify the intent of the Legislature or the people with regard to whether enhancements may run concurrently to each other. The fact that the SRA section dealing with concurrent and consecutive sentences, RCW 9.94A.400, was not amended supports the position that it should continue to be used to determine that question. We conclude there is more than one reasonable interpretation of RCW 9.94A.310(3), one of which mandates that weapon enhancements run consecutively to each other and one of which allows the sentencing judge to apply RCW 9.94A.400 to determine if the base sentences and the enhancements to those sentences run concurrently or consecutively.

■ ■ An enhancement is not a separate sentence; rather, it is a statutorily-mandated increase to an offender's sentence range because of a specified factor in the commission of the offense. WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING app. G, at G-1 (1996). The SRA provides that "the additional times shall be added to

the presumptive sentence." RCW 9.94A.310(3)-(5).[5] *See also* RCW 9.94A.370; WASHINGTON SENTENCING GUIDELINES COMM'N, IMPLEMENTATION MANUAL III-17 (1995); 13A ROYCE A. FERGUSON, JR. & SETH AARON FINE, WASHINGTON PRACTICE § 2812, at 116 (Supp. 1996). The structure of the SRA is that a sentencing court calculates a standard range sentence by applying the defendant's offender score with the seriousness level of a crime. The court then adds any enhancements to a given base sentence. If the defendant is being sentenced for more than one offense, the court then determines whether the sentences run concurrently or consecutively by application of the rules of RCW 9.94A.400. As noted above, unless the court imposes an exceptional sentence,[6] or there are two or more statutorily-defined serious violent offenses, the sentences run concurrently. RCW 9.94A.400. In the situation where the base sentences are to run concurrently, if the court runs the enhancements consecutively with the base sentences and then consecutively with each other, it is as if the court had taken the enhancement for one crime and stacked it on top of the enhancement which has been added to a different offense. This runs counter to the normal structure of the SRA. We therefore conclude that multiple weapon enhancements do not necessarily run consecutively to each other. As all parties recognize, they do run consecutively to the underlying sentence for the crime to which they apply. However, when two or more offenses each carry firearm enhancements, the determination of whether multiple current sentences are to run concurrently or consecutively is determined by resort to the rules in RCW 9.94A.400.

In accord with these conclusions, in the *Charles* case, we reverse the Court of Appeals and reinstate the sentence

---

[5]The standard range is sometimes referred to as the presumptive range. WASHINGTON SENTENCING GUIDELINES COMM'N, ADULT FELONY SENTENCING II-4 (1996); *compare* RCW 9.94A.030(32) *with* RCW 9.94A.370.

[6]A sentencing court may, in its discretion, find that the operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of the SRA, as expressed in RCW 9.94A.010, and impose an exceptional sentence. RCW 9.94A.390(2)(i); 9.94A.120.

imposed by the superior court. In the *Lewis* case, we reverse the Court of Appeals and remand for resentencing with instructions to run the firearm enhancements consecutively with the base sentences for the offenses to which they apply but to determine whether the total sentences should run consecutively or concurrently according to the rules set forth in RCW 9.94A.400.[7]

DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.

[No. 65246-5. En Banc.]
Argued January 14, 1998. Decided May 28, 1998.

---

[7]We recognize that RCW 9.94A.310 was amended by the Legislature in the 1998 legislative session by Engrossed Senate Bill 5695. That law does not apply to the cases now before this Court.