Patrick TATA, Jr., Petitioner,
Appellant,

v.

Norman CARVER,
Respondent, Appellee.

No. 90–1351.

United States Court of Appeals,
First Circuit.

Heard Aug. 3, 1990.

Decided Oct. 31, 1990.

See also, 28 Mass.App.Ct. 23, 545 N.E.2d 1179.

Robert L. Sheketoff, with whom Zalkind, Sheketoff, Wilson, Homan, Rodriguez & Lunt were on brief, for petitioner-appellant.

Judy G. Zeprun, Asst. Atty. Gen., for respondent-appellee.

Before SELYA and CYR, Circuit Judges, and RE,* Judge.

CYR, Circuit Judge.

Petitioner Patrick Tata, Jr., appeals from a judgment of the United States District Court for the District of Massachusetts summarily dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On appeal, petitioner asserts that the state trial court violated due process by refusing to give the jury a lesser included offense instruction. We affirm.

I

The facts are uncontested. Following a jury trial, Tata was found guilty of trafficking in one hundred grams or more but less than two hundred grams of cocaine in

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

violation of M.G.L. c. 94C § 32E(b)(2). In the course of a lawful search of Tata's apartment and a nearby hall closet accessible to Tata as an incident of his tenancy, the police lawfully seized 111.82 grams of eighty-six percent pure "rock" cocaine, and associated drug paraphernalia.

At trial, petitioner claimed that he neither possessed nor controlled the cocaine for any purpose whatsoever. Petitioner did attempt to show, however, that he personally consumed as much as two grams of cocaine a week. The court instructed the jury on the charged offense of trafficking in one hundred grams or more of cocaine and on the lesser included offense of simple possession. At the conclusion of the jury charge, Tata objected to the absence of instructions on the lesser included offense of trafficking in *less than* one hundred grams of cocaine and on the lesser included offense of possession with intent to distribute.

Tata filed an appeal with the Massachusetts Appeals Court which included a due process challenge to the trial court's refusal to instruct on trafficking in less than one hundred grams of cocaine. Tata contended that the jury, in determining the quantity of cocaine he may have intended to distribute, was entitled to consider how much was intended for personal consumption and to deduct that portion from the total amount seized. The Massachusetts Appeals Court held that Tata's due process claim was meritless because the Massachusetts statute prohibits the possession of more than one hundred grams of cocaine with intent to distribute any part of it. *Commonwealth v. Tata*, 28 Mass.App.Ct. 23, 545 N.E.2d 1179 (1989). The Supreme Judicial Court denied Tata's appeal, which included a due process challenge to the Massachusetts Appeals Court's interpretation of the state statute itself.

Tata petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that his due process rights were violated both by the trial court's refusal to give the requested lesser included offense instructions and by the Massachusetts Appeals Court's interpretation of the Massachusetts

statute. The district court summarily dismissed the petition on the ground that the Massachusetts Appeals Court's interpretation of the state statute, *see* M.G.L. c. 94C § 32E(b)(2), does not violate due process.

II

■ Although the United States Supreme Court has held that a jury in a capital case must be given an instruction on lesser included noncapital offenses where the evidence warrants such a charge, *see Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980), the Court explicitly reserved the question whether the Due Process Clause of the United States Constitution requires a lesser included offense instruction in noncapital cases, *id.* at 638 n. 14, 100 S.Ct. at 2390 n. 14. Several circuits which have considered the question in the context of a noncapital case have concluded that the absence of a lesser included offense instruction raises no federal due process issue. *See Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir.1988); *James v. Reese*, 546 F.2d 325, 327 (9th Cir.1976); *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir.1988); *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987). On the strength of the reasoning in *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (limiting habeas relief to correction of fundamental errors by trial court), other circuits have held that a due process violation occurs only when the failure to give such an instruction in a noncapital case amounts to so fundamental a defect as to cause "a complete miscarriage of justice [ ]or an omission inconsistent with the rudimentary demands of fair procedure." *See Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir.) (en banc), *cert. denied*, — U.S. —, 110 S.Ct. 2626, 110 L.Ed.2d 646 (1990); *Nichols v. Gagnon*, 710 F.2d 1267, 1272 (7th Cir.1983); *De Berry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir.1975). These courts look to the facts of the particular case with a view to whether the absence of a lesser included offense instruction is "sufficiently egregious to warrant habeas relief." *See, e.g., Trujillo v. Sullivan*, 815 F.2d 597, 603 (10th Cir. 1987). The Third Circuit alone extends the

reasoning in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 to noncapital cases, by holding that it is constitutional error not to give a requested "lesser included offense" instruction whenever the evidence would support a conviction either on the charged offense or on an uncharged "lesser included offense," or both. *See Vujosevic v. Rafferty,* 844 F.2d 1023 (3d Cir.1988).

We have yet to consider whether the refusal of a lesser included offense instruction in a state court prosecution for a noncapital offense is cognizable in a section 2254 habeas proceeding.[1] We find the reasoning in *Hill,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, and its progeny, *see, e.g., Bagby,* 894 F.2d 792; *Nichols,* 710 F.2d 1267, the more persuasive.

On the one hand, the "theory underlying th[e] automatic bar to habeas review has not been well articulated," *Trujillo,* 815 F.2d at 602, and *Hill* itself suggests that a "due process like" analysis is appropriate for determining whether a claimed error is cognizable in federal habeas corpus proceedings, *Hill,* 368 U.S. at 428–29, 82 S.Ct. at 471–72; *Trujillo,* 815 F.2d at 603. On the other hand, we share the view of those courts which have concluded that the rule in *Beck v. Alabama* is founded in eighth amendment jurisprudence, rather than on due process concerns, *see Bagby,* 894 F.2d at 796; *Nichols,* 710 F.2d at 1270,[2] and that extension of the *Beck* rule to noncapital cases would "transform the federal courts in the exercise of their habeas corpus jurisdiction from enforcers of specific constitutional rights to guarantors of the accuracy of state court determinations of guilt...." *Id.* at 1272.

A prudential restriction on federal habeas review in noncapital cases to instances where the failure to give a lesser included offense instruction threatens a fundamental miscarriage of justice accords with gen-

eral due process standards, *see, e.g., Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941) (due process violated where lack of fundamental fairness prevents fair trial), and at the same time recognizes that the absence of such an instruction "in a noncapital case rarely, if ever, presents a constitutional question," *Pitts v. Lockhart,* 911 F.2d 109 (8th Cir. 1990). Similarly, this approach comports with our own view that even where an erroneous jury instruction raises a claim of constitutional magnitude, "review of [state] criminal proceedings is limited to those instances in which 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process'." *Grace v. Butterworth,* 635 F.2d 1, 6 (1st Cir.1980) (citation omitted). *See also Rogers v. Carver,* 833 F.2d 379 (1st Cir.1987) (although reviewing court would look askance at instructions on direct review, the standard is "quite different" in federal habeas review of state court proceedings).

■ Even assuming, *arguendo,* that M.G.L. c. 94C § 32E(b)(2) was not violated unless the defendant *intended to distribute* more than one hundred grams of cocaine, the refusal of a lesser included offense instruction did not result in a fundamental miscarriage of justice in these circumstances. Tata was found in immediate proximity to various tools of the narcotics trade, as well as more than one hundred grams of cocaine of such concentration and purity as to be unsuitable for personal consumption without further processing. More importantly, petitioner's defense at trial was not that he possessed the cocaine for personal use, but that he did not possess the cocaine at all. Under these circumstances it is not entirely clear that a sufficient evidentiary predicate for the requested instruction even existed. *See United States v. Gibson,* 726 F.2d 869, 874

---

1. The question apparently remains open in the Second Circuit, *see Rice v. Hoke,* 846 F.2d 160, 165 (2d Cir.1988), as well as the Fourth Circuit and the District of Columbia Circuit.

2. "Apparently, it was the risk of an unwarranted conviction where the death penalty is imposed

that the Court found intolerable [in *Beck* ]. That is because 'there is a significant constitutional difference between the death penalty and lesser punishments[.]' " *Bagby,* 894 F.2d at 796 (quoting *Beck,* 447 U.S. at 637, 100 S.Ct. at 2389, citing *Gardner v. Florida,* 430 U.S. 349, 357–58, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977)).

(1st Cir.), *cert. denied*, 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984); *see also Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973) (lesser included offense instruction warranted when reasonable view of evidence would permit jury to find defendant committed the lesser, but not the greater, offense). Tata's contention that some of the cocaine seized by the police was for his personal use seems difficult to reconcile with his trial defense that he never possessed the cocaine at all.

There was no fundamental miscarriage of justice. As no fundamental unfairness resulted from the refusal of the trial court to give a lesser included offense instruction, even under petitioner's interpretation of M.G.L. c. 94C § 32E(b)(2), we need not consider petitioner's remaining contention that the interpretation given the statute by the Massachusetts Appeals Court violates the Due Process Clause of the United States Constitution.

*The district court judgment dismissing the petition for a writ of habeas corpus is affirmed.*