# United States Court of Appeals
## For the First Circuit

No. 08-2219

JAMES D. CONINGFORD,

Petitioner, Appellant,

v.

STATE OF RHODE ISLAND,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Donna Jalbert Patalano and Law Office of D.J. Patalano on brief for appellant.
Aaron L. Weisman, Assistant Attorney General, and Patrick C. Lynch, Attorney General, on brief for appellee.

May 19, 2011

**SELYA**, **Circuit Judge**. Petitioner-appellant James D. Coningford, a state prisoner, appeals from the denial of his petition for habeas corpus. He posits that the improvident admission of evidence of prior bad acts rendered his state trial fundamentally unfair. We find his claim to be both unexhausted and untenable and, accordingly, affirm the denial of habeas relief.

## I.  BACKGROUND

We rehearse only those facts necessary to place this appeal into perspective. Readers who hunger for more exegetic detail may consult the thorough opinion in which the Rhode Island Supreme Court affirmed the petitioner's conviction on direct review. See State v. Coningford, 901 A.2d 623, 625-27 (R.I. 2006).

In the underlying case, the state charged the petitioner with second-degree child molestation. See R.I. Gen. Laws § 11-37-8.3. The charge arose out of his behavior with a young boy, age seven, who was a friend of his son. The complainant alleged that, during several social visits at the petitioner's home, the petitioner touched him inappropriately.

In a pretrial motion, the state asked the trial justice to allow it to introduce at trial corroborative testimony from two other young men. Each of the prospective witnesses would testify that, when younger, he had been similarly molested by the petitioner in the petitioner's abode.

The state's proffer implicated Rhode Island Rule of Evidence 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable.

The petitioner objected, arguing that the proffered evidence did not fit into any of the exceptions to Rule 404(b)'s general bar for prior bad acts but, rather, impermissibly tended to portray him as "a bad man, [who] has a propensity toward sexual offenses and, therefore, probably committed the offense with which he [was] charged." State v. Quattrocchi, 681 A.2d 879, 886 (R.I. 1996). Relatedly, he argued that the unfairly prejudicial effects of the evidence overwhelmed any probative value.

The trial justice granted the state's motion. He ruled (i) that the prior bad acts were sufficiently similar to the crime charged to show a scheme, modus operandi, or common plan to molest young boys in the petitioner's home, and (ii) that the probative worth of this evidence outweighed any unfairly prejudicial effect. The evidence was, therefore, admissible under Rule 404(b).

At trial, the state presented the prior bad acts evidence along with the testimony of the complainant and an investigating

-3-

detective.  The petitioner did not testify, but moved unsuccessfully for a judgment of acquittal.  The jury found him guilty, and the trial justice denied both his renewed motion for acquittal and his motion for new trial.  The trial justice subsequently imposed a thirty-year sentence (twenty years to serve and the balance suspended).

The petitioner appealed, challenging the admission of the prior bad acts testimony under state evidentiary rules.[1]  The state supreme court rejected this claim and affirmed the conviction. Coningford, 901 A.2d at 625.

The petitioner repaired to the federal district court and sought habeas relief.  See 28 U.S.C. § 2254.  In an artfully crafted rescript, the district court concluded that the petitioner had failed to exhaust his federal constitutional claim anent the prior bad acts evidence and that, in all events, the claim lacked merit.  Coningford v. Rhode Island, No. 1:07-cv-167 (D.R.I. Aug. 26, 2008) (unpublished).  This timely appeal followed, as to which we granted a certificate of appealability.

## II.  ANALYSIS

As briefed by the parties, this appeal presents two questions.  The first involves whether the petitioner exhausted his

---

[1] The petitioner also challenged the jury instructions on an unrelated ground. Coningford, 901 A.2d at 629.  That aspect of his asseverational array is not relevant here.

federal constitutional claim in state court. The second involves whether that claim is meritorious. Our review of the district court's disposition of those issues is de novo. Janosky v. St. Amand, 594 F.3d 39, 43 (1st Cir. 2010).

## A. **Exhaustion**.

In federal habeas cases, the starting point is the traditional federal habeas statute, as modified by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA instructs that habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).[2] This exhaustion requirement, which codified preexisting law, is born of the principle "that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Rose v. Lundy, 455 U.S. 509, 515 (1982). It follows that a petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case. Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

---

[2] There may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence. See, e.g., House v. Bell, 547 U.S. 518, 522 (2006). No such claim is presented here.

To achieve exhaustion, "a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Without suggesting that the enumeration is exclusive, we have identified at least five ways in which a habeas petitioner may satisfy the "fair presentment" requirement. These include reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and assertion of a state-law claim that is functionally identical to a federal constitutional claim. Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994). "The appropriate focus . . . centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989).

Before the state supreme court, the petitioner cited no specific constitutional provision, tendered no substantive federal claim, and relied on no federal constitutional precedent. He strives to convince us, however, that by arguing generally that the wayward introduction of prior bad acts evidence rendered his trial unfair, he presented the state court with a claim based on a

"particular right" guaranteed by the Constitution. We are not persuaded.

It is common ground that the Constitution guarantees all persons accused of crime the right to a fair trial. See U.S. Const. amends. V, VI, XIV. But the petitioner's claim before the state court bore no indicia of reliance on such a right. To the contrary, he relied conspicuously and exclusively on state evidentiary rules, accompanied by generalized plaints about prejudice and unfairness. "Alleging lack of a fair trial does not convert every complaint about evidence . . . into a federal due process claim." Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984) (quotation omitted). We hold, without serious question, that the petitioner's vague and unfocused references to fairness were insufficient to draw the state court's attention away from the state-law raiment in which the petitioner cloaked his claim and instead alert it to a possible federal constitutional claim. Consequently, he did not achieve exhaustion through this medium. See Adelson, 131 F.3d at 262-63; Nadworny, 872 F.2d at 1098.

The petitioner contends, in the alternative, that he exhausted his federal constitutional claim by asserting a functionally identical state-law claim. In advancing this contention, he emphasizes the substantial similarities between Rhode Island Rule of Evidence 404(b), upon which he relied in his direct appeal, and Federal Rule of Evidence 404(b). See State v.

-7-

Rodriquez, 996 A.2d 145, 151 n.9 (R.I. 2010) (noting that the decisional framework for the state and federal evidentiary rules is roughly the same); State v. Gaspar, 982 A.2d 140, 148 (R.I. 2009) (similar).

Exhaustion through the assertion of a functionally identical state-law claim demands more than mere "[f]amily resemblances." Nadworny, 872 F.2d at 1100. "[F]air presentation requires that the constitutional analysis necessary to resolve the ultimate question posed in the habeas petition and in the state court proceedings, respectively, be substantially the same." Scarpa, 38 F.3d at 6; see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

The petitioner's present claim is that the admission of the prior bad acts evidence violated the Fifth, Sixth, and Fourteenth Amendments. In the state supreme court, however, he articulated his claim quite differently; he simply did not present it in constitutional terms. Rather, he argued in terms of abuse of discretion. The fact that he added the conclusory assertion that the challenged evidence rendered his trial unfair was not enough to transmogrify his garden-variety claim of evidentiary error into the functional equivalent of a claim of constitutional magnitude. See Barresi v. Maloney, 296 F.3d 48, 51-52 (1st Cir. 2002).

That ends this aspect of the matter. Because the petitioner failed to present his federal claim to the state court

-8-

"face-up and squarely," <u>Martens</u> v. <u>Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988), it was properly dismissed as unexhausted.

## B.  <u>The Merits</u>.

The petitioner's failure to exhaust is, in itself, sufficient to defeat his habeas petition.  <u>See</u> <u>Jackson</u>, 337 F.3d at 86.  But where, as here, a habeas petitioner's unexhausted claim is patently without merit, the AEDPA allows a federal court, in the interests of judicial economy, to dispose of that claim once and for all.  <u>See</u> 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); <u>see</u> <u>also</u> <u>Granberry</u> v. <u>Greer</u>, 481 U.S. 129, 135 (1987) (explaining that a federal habeas court may reach the merits of an unexhausted claim "if it is perfectly clear that the applicant does not raise even a colorable federal claim").  This is such a case.

Federal habeas relief is available if the state court's adjudication of the petitioner's claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The petitioner does not contend that the state court's ruling was contrary to clearly established Supreme Court precedent.  The pertinent question, then, is whether the state court indulged in an unreasonable application of federal law.

"A state-court decision constitutes an unreasonable application of clearly established federal law if it identifies the correct rule, but applies that rule unreasonably to the facts of the case sub judice." Janosky, 594 F.3d at 47 (citing Williams v. Taylor, 529 U.S. 362, 407-08 (2000)). This standard "does not demand infallibility: a state court's decision may be objectively reasonable even if the federal habeas court, exercising its independent judgment, would have reached a different conclusion." Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002).

The petitioner assails the admission of the prior bad acts evidence. He argues that no reasonable judge could have viewed those acts as showing a common plan to molest young boys in his home because he had also been charged (albeit separately) with molesting a young girl.[3] In his view, this misapplication of Rule 404(b) prejudiced him by leading the jury to believe that he had a propensity to commit sex-related crimes. This, in turn, violated his constitutionally protected right to a fair trial.[4]

---

[3] Evidence of the alleged molestation of the young girl was not introduced at the petitioner's trial. Moreover, if this argument had any force — which it does not — it would be undercut by the fact that the petitioner, in a separate proceeding, was acquitted of that charge.

[4] Our review does not encompass the petitioner's straightforward claim, consistently argued by him, that the trial justice misapplied Rhode Island Rule of Evidence 404(b). After all, an error of state law, without more, is not enough to warrant federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir. 1987). We consider

-10-

To be sure, a misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process and, thus, ground federal habeas relief. See Montana v. Egelhoff, 518 U.S. 37, 43 (1996); Petrillo v. O'Neill, 428 F.3d 41, 44 n.2 (1st Cir. 2005). But to trigger such relief, the state court's application of state law must be "so arbitrary or capricious as to constitute an independent due process . . . violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). The state court's decision in the instant case falls well outside these narrow confines.

To begin, the petitioner does not identify any clearly established Supreme Court case law speaking directly to the admission of prior bad acts evidence. Indeed, the Court has expressly declined to determine "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). The absence of an on-point pronouncement from the Supreme Court leaves hanging by the slimmest of threads the petitioner's claim that the state court's admission of the prior bad acts evidence can be deemed an unreasonable

the claim of state-law error only insofar as it is part and parcel of the overarching constitutional claim.

-11-

application of the broader fair-trial principle.  See Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).

In an effort to shore up his position, the petitioner argues that we should turn to case law at the circuit level to find clearly established law.  This argument reflects a triumph of hope over reason.  The AEDPA "requires that the relevant legal rule be clearly established in a Supreme Court holding, rather than in dictum or in holdings of lower federal courts."  Ouber v. Guarino, 293 F.3d 19, 26 (1st Cir. 2002); see Lockyer v. Andrade, 538 U.S. 63, 71 (2003).  While lower court precedents may provide "a valuable reference point" when there is some doubt about the meaning or scope of the relevant Supreme Court rule, Rashad, 300 F.3d at 35, they may not be used to fill a gap where, as here, the Justices have expressly declined to lay down a rule.  See Ouber, 293 F.3d at 26.

Because the Supreme Court has not laid down a governing rule anent the admission of prior bad acts evidence, the broader fair-trial principle is the beacon by which we must steer.  We need not linger long over this point; it is nose-on-the-face plain that the state court's approval of the introduction of the prior bad acts evidence in this case, whether or not an unarguably correct evidentiary ruling, was well within the universe of plausible evidentiary rulings.  It was, therefore, not so arbitrary or capricious as to work a denial of the petitioner's constitutionally

-12-

secured fair-trial right.  Consequently, the claim that the state court unreasonably applied clearly established federal law is hopeless.

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, we hold that the district court correctly denied the petition for habeas relief.

**Affirmed**.