**Sammy GARCIA, Petitioner,**

v.

**Lois RUSSO, Respondent.**

**Civil No. 06–10614–NMG.**

United States District Court,
D. Massachusetts.

Dec. 19, 2011.

Leslie W. O'Brien, Winchester, MA, for Petitioner.

Annette C. Benedetto, Department of Attorney General, Boston, MA, for Respondent.

### MEMORANDUM & ORDER

GORTON, District Judge.

## I. *Background*

Petitioner Sammy Garcia was convicted of first-degree murder and unlawful possession of a firearm in the Massachusetts Superior Court for Middlesex County. After appealing his convictions in state courts, Garcia filed a petition for writ of habeas corpus in this federal district court. The petition challenges his state convictions on the grounds that 1) the trial judge's refusal to instruct the jury on voluntary manslaughter violated the Due Process Clause and 2) the admission at trial of his statement obtained during custodial interrogation violated the Fifth Amendment. Upon the retirement of the judge to whom the case was originally assigned, the petition was re-assigned to this Session and referred to Magistrate Judge Robert Collings.

On August 30, 2011, Magistrate Judge Collings issued a report and recommendation ("R & R") finding that petitioner did not exhaust his due process claim and recommending that the Court give petitioner the opportunity to withdraw his unexhausted due process claim before ruling on his Fifth Amendment claim.

## II. *Analysis*

When presented with a habeas petition containing both exhausted and unexhausted claims, a federal court sitting in habeas corpus review has several options:

> The court may allow the petitioner to dismiss voluntarily any unexhausted claims and proceed with the petition,

dismiss the petition without prejudice to allow the petitioner to return to state court to exhaust the unexhausted claims, or—in limited circumstances—utilize a "stay and abeyance" procedure to allow the petitioner to return to exhaust as yet unexhausted claims without running afoul of the one-year statute of limitations provided by 28 U.S.C. § 2244(d). *Rodriguez v. Russo*, 495 F.Supp.2d 158, 167 (D.Mass.2007). When a petition's unexhausted claims are plainly without merit, the Court may elect to dismiss the petition notwithstanding petitioner's failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (citing 28 U.S.C. 2254(b)(2)).

Finding petitioner's due process claim to be futile, the Court will elect the fourth option here. As the First Circuit explained in *Paulding v. Allen*, 393 F.3d 280, 283–84 (1st Cir.2005),

> Assuming *arguendo* that a due process claim [for failure to give a lesser included offense jury instruction] remains viable under federal habeas corpus, the most that a noncapital defendant could assert under the Supreme Court's precedent is that a lesser included offense instruction is required if warranted by the evidence.

After reviewing the evidence in Paulding's case, the First Circuit concluded that the SJC "reasonably determined that the evidence did not warrant such an instruction" and affirmed the district court's dismissal of his habeas petition. *Id.* at 284.

■ The First Circuit's reasoning in *Paulding* compels the same result here. In ruling on petitioner's state court appeal, *Commonwealth v. Garcia*, 443 Mass. 824, 824 N.E.2d 864, 872–73 (2005), the SJC surveyed the evidence presented at Garcia's trial and held that it did not support a voluntary manslaughter instruction. In compliance with its mandate, the SJC's reasoned judgment did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor was it based on "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). Petitioner is, therefore, not entitled to habeas relief on that basis.

■ Because petitioner abandoned his remaining Fifth Amendment claim by failing to brief it in his supporting memorandum of law, *see Herbert v. Dickhaut*, No. 06–10036–NG, 2011 WL 3021770, at *14 (D.Mass. July 21, 2011) and *Smiley v. Maloney*, No. 01–11648–GAO, 2003 WL 23327540, at *15 (D.Mass. Oct. 31, 2003), the Court will enter a final judgment dismissing his petition in its entirety.

### ORDER

Upon careful consideration of the Magistrate Judge's Report and Recommendation (Docket No. 32) and petitioner's objection thereto (Docket No. 33), this Court accepts and adopts, in part, and declines to accept and adopt, in part, the Report and Recommendation, as explained above. In light of the foregoing, Garcia's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED.**

**So ordered.**

### REPORT AND RECOMMENDATION ON RESPONDENT'S CLAIM THAT THE PETITION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES

COLLINGS, United States Magistrate Judge.

Sammy Garcia ("petitioner") has filed a § 2254 petition (# 1) challenging his conviction in the Massachusetts Superior Court. The respondent seeks dismissal of the petition on the basis that one of the

grounds asserted, i.e., that the failure of the state trial judge to give an instruction on the lesser included offense of voluntary manslaughter, was not presented to the Massachusetts Supreme Judicial Court ("SJC") and is, therefore, unexhausted.[1] Thus, asserts the respondent, the petition must be dismissed because it contains exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The First Circuit has recently reiterated the exhaustion requirement and some of the ways that the requirement can be satisfied.

To achieve exhaustion, 'a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim.' *Adelson v. DiPaola,* 131 F.3d 259, 262 (1st Cir.1997). Without suggesting that the enumeration is exclusive, we have identified at least five ways in which a habeas petitioner may satisfy the 'fair presentment' requirement. These include reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and assertion of a state-law claim that is functionally identical to a federal constitutional claim. *Scarpa v. Dubois,* 38 F.3d 1, 6 (1st Cir. 1994). 'The appropriate focus … centers on the *likelihood* that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.' *Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir.1989). *Coningford v. Rhode Island,* 640 F.3d 478, 482 (1 Cir., 2011).

In the instant case, the only possible basis upon which it can be said that the petitioner exhausted his claim that a manslaughter instruction was required is if the claim as set forth in the brief to the SJC is "… functionally identical to a federal constitutional claim." *Id.* This is because, in his brief to the SJC, no specific constitutional provision was cited, there was no "substantive and conspicuous" presentation of a constitutional claim, there were no "on-point" citations to federal constitutional precedents (the two federal cases involved whether a manslaughter instruction should be given in federal prosecutions for murder and contained no discussion of any constitutional question), and there was no reference to any particular rights guaranteed by the Constitution. (# 7, Exh. 1) In these circumstances, only if every state case involving a failure to give a requested manslaughter instruction as mandated by state law was at the same time a violation of the Due Process Clause of the Constitution would the petitioner be said to have presented a state claim which was "functionally identical" to a federal constitutional claim.

But the claims are not identical. *Tata v. Carver,* 917 F.2d 670, 672 (1 Cir., 1990) citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). *See also Nadworny v. Fair,* 976 F.2d 724 (Table), 1992 WL 251379, **2–3 (1 Cir., Oct. 5, 1992), *cert. denied,* 507 U.S. 963, 113 S.Ct. 1392, 122 L.Ed.2d 766 (1993). To constitute a violation of the Due Process Clause, the failure to give an instruction on a lesser included offense in a noncapital case must rise to the level of a "fundamental miscarriage of justice." *Tata,* 917 F.2d at 672; *Nadworny,* 1992 WL 251379, *2. Unfortunately, nowhere in

---

1. The argument is made in pleading [30] at pp. 6–11; the petitioner's response to the argument is found in pleading [31].

his brief to the SJC does the petitioner indicate that the failure to give the lesser included offense rose to the level of a "fundamental miscarriage of justice." It follows that the petitioner failed to shoulder his "... heavy burden to show that he fairly and recognizably presented ..." to the SJC the legal basis of a claim under the Due Process Clause,[2] and, thus, the claim is unexhausted. This makes the petition "mixed" such that it cannot go forward as it presently stands and is subject to dismissal. However, before a dismissal of the entire petition is ordered, the petitioner should be given an opportunity to withdraw the unexhausted claim.

Thus, if the District Judge agrees that the petition is indeed "mixed" containing both exhausted and unexhausted claims, I RECOMMEND that the petitioner be given thirty (30) days after the District Judge rules on the Report and Recommendation to file a pleading in which he withdraws the claim respecting the failure to instruct on the lesser included offense of manslaughter. If the petitioner does so, the case will go forward on the remaining exhausted claim.

If the petitioner does not voluntarily withdraw the unexhausted claim within thirty days after the District Judge rules on the Report and Recommendation, I FURTHER RECOMMEND that the § 2254 petition (# 1) be DISMISSED as a "mixed" petition and that a final judgment dismissing the petition be entered.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia–Copete,* 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

---

**2.** It should be noted that the SJC did not analyze the petitioner's claim under the "fundamental miscarriage of justice" standard but instead relied on state law precedent. *Commonwealth v. Garcia,* 443 Mass. 824, 835–836, 824 N.E.2d 864, 873 (2005).